**Edmund C. BYRD, Sr., Administrator of the Estate of Edmund C. Byrd, Jr., deceased, Plaintiff–Appellant,**

v.

**GATE PETROLEUM COMPANY, a Florida Corporation, t/a Gate Food Store, Defendant–Appellee.**

No. 87–1696.

United States Court of Appeals, Fourth Circuit.

Argued March 10, 1988.

Decided April 26, 1988.

---

Before PHILLIPS and WILKINS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

WILKINS, Circuit Judge:

Edmund C. Byrd, Sr., administrator of the estate of Edmund C. Byrd, Jr., appeals the dismissal of his wrongful death action against Gate Petroleum Company for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). We affirm.

I.

On a motion to dismiss for failure to state a claim, the allegations of the complaint are generally taken as true. *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980). The complaint alleges that on the evening of November 12, 1984, Gate Petroleum, transacting business as Gate Food Store, sold beer to 16–year–old Jeffrey Charles Hall in violation of Virginia law.[1] Hall then drove to meet the decedent, Edmund C. Byrd, Jr., and they went for a drive. At approximately 10:30 p.m. an intoxicated Hall drove off the road and struck a tree, resulting in the death of passenger Byrd.

The administrator of Byrd's estate filed this diversity action alleging that Gate Petroleum, through its agents, was negligent in selling alcoholic beverages to a minor and that such negligence proximately caused the wrongful death of Byrd. On motion of Gate Petroleum, the district court dismissed the action for failure to state a claim, holding that "under Virginia law, there is no cause of action against vendors of intoxicating beverages who negligently sell liquor to patrons who cause personal injury." We review the sufficiency of the complaint under "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957) (footnote omitted).

Jeffrey Harry Krasnow, Roanoke, Va., for plaintiff-appellant.

Phillip V. Anderson (J. Rudy Austin, Gentry, Locke, Rakes & Moore, Roanoke, Va., on brief), for defendant-appellee.

1. Va.Code Ann. § 4–62(1) (1950, 1983 Repl.Vol. & Supp.1987).

## II.

Since this is a diversity action, the question presented is whether a claim for relief exists under Virginia law against a retail vendor for selling alcoholic beverages to a minor who injures a third person while operating a motor vehicle in an intoxicated condition. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Although this precise question has not yet been addressed by the Virginia Supreme Court, it is unnecessary to certify the issue to the state court. Based on recent decisions of the Virginia court and this court on similar issues, it is clear that Virginia does not recognize dram-shop liability under these circumstances. *Williamson v. Old Broque, Inc.*, 232 Va. 350, 350 S.E.2d 621 (1986); *Corrigan v. United States*, 815 F.2d 954 (4th Cir.), *cert. denied*, — U.S. ——, 108 S.Ct. 290, 98 L.Ed.2d 250 (1987).

### A.

■ Applying common law principles as required by Va.Code Ann. § 1–10 (1950 & 1987 Repl.Vol.), the Virginia Supreme Court held in *Williamson* that a third party does not have a claim for relief against a seller of intoxicating beverages for injuries sustained as a result of the intoxication of the vendor's patron. 232 Va. at 352–53, 350 S.E.2d at 623. The court stated: "The basis of the rule is that individuals, drunk or sober, are responsible for their own torts and that, apart from statute, drinking the intoxicant, not furnishing it, is the proximate cause of the injury." *Id.* The court acknowledged that many courts have abrogated the common-law rule of nonliability, but it refused to do so by judicial decree in the absence of dram-shop legislation. Although sensitive to the social problems of drunk-driving, the court believed that the abrogation of such a fundamental rule is the function of the legislative branch of government: "Where, as here, the issue involves many competing economic, societal, and policy considerations, legislative procedures and safeguards are particularly appropriate to the task of fashioning an appropriate change, if any, to the settled rule." 232 Va. at 354, 350 S.E.2d at 624.

Byrd concedes that a common-law negligence action does not exist for the sale of intoxicating beverages to an ablebodied man, but he argues that he has stated a common-law claim under Virginia law for negligent entrustment of a dangerous instrumentality to a minor. Restatement (Second) of Torts § 390 (1965); *Crowell v. Duncan*, 145 Va. 489, 134 S.E. 576 (1926); *Denby v. Davis*, 212 Va. 836, 188 S.E.2d 226 (1972). The Virginia court in *Williamson* rejected a negligent entrustment theory, finding *Crowell* inapposite. *Williamson*, 232 Va. at 356, 350 S.E.2d at 625. Further, to impose liability for negligent entrustment, proximate cause must be proven. *Denby*, 212 Va. at 839, 188 S.E.2d at 229. On this issue the Virginia court has very clearly spoken: "[T]he common law considers the act of selling the intoxicating beverage as too remote to be a proximate cause of an injury resulting from the negligent conduct of the purchaser of the drink." *Williamson*, 232 Va. at 353, 350 S.E.2d at 623.

### B.

Although Gate Petroleum's sale of beer to 16–year–old Hall clearly was a violation of section 4–62, Byrd correctly concedes that a claim for relief does not arise from that violation. The court in *Williamson* rejected a similar argument that the vendor's sale of alcoholic beverages to an already intoxicated patron in violation of section 4–62(1)(c) constituted actionable negligence. 232 Va. at 354–56, 350 S.E.2d at 624–25. The court found that the violation of the misdemeanor statute does not furnish the basis for a civil action in damages, because the legislation was not a public safety measure and an injured third party is not a member of the class for whose benefit the statute was enacted. 232 Va. at 356, 350 S.E.2d at 625.

■ Notwithstanding the absence of a claim for violation of section 4–62, Byrd argues that a claim of negligence *per se* exists for the sale of alcohol to a minor in a violation of Va.Code Ann. § 18.2–371 (1950

& 1982 Repl.Vol.) which prohibits contributing to the delinquency of a minor. He attempts to distinguish the holding in *Williamson* on the basis that section 18.2–371 is a penal statute enacted to protect juveniles. However, in neither this case nor *Williamson* was the injured third person "of that class for whose benefit or protection the law was enacted." *Williamson*, 232 Va. at 355, 350 S.E.2d at 624 (quoting *Smith v. Transit Co.*, 206 Va. 951, 957, 147 S.E.2d 110, 114–15 (1966)).

Further, following the *Williamson* decision, this court held that under Virginia law, the United States was not liable for injuries to a passenger in a vehicle struck by an intoxicated 19–year–old soldier who had been served alcoholic beverages at a noncommissioned officers club. *Corrigan*, 815 F.2d at 957. Although Army regulations regarding the sale of intoxicants to underage and inebriated customers were violated, this court held that their violation provided no basis for liability. *Id.*

Finally, Byrd can prove no set of facts in support of a claim because under any negligence theory, proximate cause must be proven. And, the Virginia court has held that the sale of alcoholic beverages is not the proximate cause of a patron's negligent acts. As stated in *Corrigan:* "The positiveness of the Virginia Supreme Court's rejection and the basis it offered for rejection of the dram shop theory of liability persuades us that it would not recognize ... an exception to dram shop nonliability in Virginia" under the circumstances of this case. *Id.*

AFFIRMED.