**Angela R. LUCHER, Plaintiff,**

v.

**Michael S. HILDENBRANDT, Defendant.**

**Civ. A. No. 2:91cv873.**

United States District Court, E.D. Virginia, Norfolk Division.

July 31, 1992.

---

Stephen Merrill, Ghent Law Offices, Norfolk, Va., for plaintiff.

Benjamin P. Lynch, Jr., Harris, Fears, Davis, Lynch & McDaniel, Norfolk, Va., for Hildenbrandt.

Vicki H. Devine, Furniss, Davis, Rashkind & Saunders, P.C., Norfolk, Va., for GEICO.

## MEMORANDUM AND ORDER

ROBERT E. PAYNE, District Judge.

Angela R. Lucher ("Lucher") seeks compensatory and punitive damages for injuries she suffered in an accident on March 19, 1989 when she was a passenger in an automobile driven by the defendant ("Hildenbrandt"). Lucher instituted an action against Hildenbrandt in the Circuit Court of Virginia Beach on September 29, 1989, but shortly before the trial date of August 20, 1991, she nonsuited that action. She filed this action on December 24, 1991 and it is scheduled for trial on October 20, 1992.

Hildenbrandt and Government Employees Insurance Co. (GEICO), the uninsured motorist carrier, have moved to dismiss the claim for punitive damages under Rule 12(b)(6), Fed.R.Civ.Pro., and GEICO also sought dismissal on constitutional grounds. By Order entered on June 4, 1992, the

Court granted the motions to dismiss under Rule 12(b)(6) but gave Lucher an opportunity to file an amended complaint which she did on June 8, 1992.[1] In response to the Amended Complaint, Hildenbrandt has filed a second motion to dismiss asserting that the Amended Complaint fails to state a claim for punitive damages under Virginia substantive law. GEICO also has filed a motion to dismiss the Amended Complaint raising, in addition to the Virginia substantive law argument, the issue whether the Virginia punitive damage scheme is unconstitutional.

## RELEVANT FACTS

On March 19, 1989, Lucher was among several passengers who were injured when an automobile driven by Michael Hildenbrandt "veered off the road and smashed into a tree." (Am.Compl. ¶ 3) Lucher alleges that, in a fit of anger, Hildenbrandt drove "well in excess of 60 miles per hour through neighborhood streets, particularly down the steep, curved hill where the accident occurred." (*Id.* ¶ 5) Furthermore, Lucher charges that Hildenbrandt "committed this conduct while his passengers were strongly voicing their protest to defendant's driving...." (*Id.*) On these facts, Lucher believes that she is entitled to punitive damages.

## MOTION TO DISMISS

For purposes of the motion under Rule 12(b)(6), Lucher's allegations must be accepted as true. *Byrd v. Gate Petroleum Co.*, 845 F.2d 86, 87 (4th Cir.1988); *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir.1982). Further, it is settled that "a motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Rogers v. Jefferson—Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989). With these principles in mind, the Court considers Lucher's allegations.

1. The Court deferred ruling on GEICO's constitutional challenge to punitive damage because the issues presented by GEICO are presently awaiting en banc decision by the Court of Appeals in *Johnson v. Hugo's Skateway.*

Paragraph 5 of Lucher's Amended Complaint alleges:

> (5) The accident was also caused by the reckless, intentional conduct of the defendant in venting his anger by driving his car at speed well in excess of 60 miles per hour through neighborhood streets, particularly down the steep, curved hill where the accident occurred. The defendant committed this conduct while his passengers were strongly voicing their protest to the defendant's driving which the defendant knowingly disregarded. These actions intentionally exposed the passengers in the car and others on the road to an unreasonable, clearly foreseeable risk of serious physical harm. This conduct was so willful and wanton as to evince a conscious disregard for the rights of others.[2]

The issue is whether these allegations state a claim for punitive damages under Virginia law.

Virginia law is clear "that negligence which is so willful or wanton as to evince a conscious disregard for the rights of others, as well as malicious conduct, will support an award of punitive damages in a personal injury case." *Booth v. Robertson*, 236 Va. 269, 273, 374 S.E.2d 1, 3 (1988); *Owens—Corning Fiberglas Corp. v. Watson*, 243 Va. 128, 413 S.E.2d 630, 640 (1992). Under settled principles in Virginia, willful and wanton negligence is defined as "acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Owens—Corning Fiberglas Corp. v. Watson*, 413 S.E.2d at 640 (citations omitted).

In *Booth v. Robertson*, the Supreme Court of Virginia held that the issue of entitlement to punitive damages should have been submitted to the jury where the defendant, whose blood alcohol content was 0.22 percent, drove the wrong direction down an interstate highway and collided head-on with the plaintiff. The Court emphasized that shortly before the accident, the defendant had narrowly avoided a collision with a tractor-trailer which had warned the defendant that he was travelling in the wrong direction by blinking its lights and blowing its horn. Notwithstanding these warnings, the defendant continued to drive on the wrong side of the highway for some distance until he encountered the plaintiff's automobile.

Almost a year later, the Supreme Court of Virginia decided *Hack v. Nester*, 241 Va. 499, 404 S.E.2d 42 (1991) in which the defendant, who had a blood alcohol content of approximately 0.10 percent, rounded a curve and, in doing so, crossed the centerline colliding head-on with the plaintiff. The Court distinguished *Booth* as presenting a more "egregious set of facts" and held that on the facts presented in *Hack v. Nester* the issue of punitive damages should not have been presented to the jury.

These two decisions teach that under Virginia law a claim for punitive damages will lie if the alleged facts show that the defendant acted in conscious disregard of the rights of others or with reckless indifference to the consequences of his actions when aware from the surrounding circumstances that his conduct probably would result in injury to others.

Hildenbrandt and GEICO both contend that the allegations of paragraph 5 of the Amended Complaint do not rise to the level of willful and wanton conduct sufficient to sustain a claim for punitive damages. They are in error. Lucher alleges that Hildenbrandt was driving in excess of 60 miles per hour through a Virginia Beach neighborhood down a steep curved road in total disregard of the entreaties of his passengers to slow down because they feared an accident would result from Hildenbrandt's conduct. The Amended Complaint

---

**2.** Paragraph 5 of the initial complaint alleged: (5) the accident was also caused by the reckless conduct of the defendant in venting his anger by driving his car at an excessive speed through neighborhood streets, particularly down the hill where the accident occurred. His actions intentionally exposed his passengers and others on the road to an unreasonable risk of serious physical harm.

clearly alleges that Hildenbrandt knew that he was endangering the safety of his passengers and that, by refusing to heed their pleas, he was acting in conscious disregard of their rights and with reckless indifference to the probable, if not likely, result. Hildenbrandt's alleged behavior was no less egregious than the defendant's conduct in *Booth* [3] and squarely fits within the test recently stated by the Supreme Court of Virginia in *Owens-Corning Fiberglas Corp. v. Watson*. Accordingly, the Court will deny the motions to dismiss which are based on the contention that Lucher does not state a claim for punitive damages under the substantive law of Virginia.

The constitutional issues raised by GEICO are squarely presented in *Johnson v. Hugo's Skateway* which is pending decision be the Court of Appeals on a rehearing en banc of the panel decision reported in 949 F.2d 1338 (4th Cir.1991). Under the provisions of Internal Operating Procedure 40.6 of the United States Court of Appeals for the Fourth Circuit, the panel decision was vacated upon a grant of the petition for rehearing en banc. Considering the issues raised by GEICO's motion and the decisions of the Court of Appeals in *Defender Indus. Inc. v. Northwestern Mut. Life Ins. Co.*, 938 F.2d 502 (4th Cir.1991) and *Mattison v. Dallas Carrier Corp.*, 947 F.2d 95 (4th Cir.1991), the Court believes that it will be necessary to consider GEICO's motion if the decision in *Hugo's Skateway* is not issued before the trial date for this action. Therefore, the Court has determined that the parties should submit briefs on the constitutional issues according to the schedule set forth below. In that regard, the briefs should address specifically the issues raised by Judge Neimeyer's dissenting opinion in *Hugo's Skateway*. The parties, of course, may address any other issues bearing on GEICO's motion.

The briefing schedule is:

1) Defendants' Opening Brief shall be filed on August 18, 1992.

2) Plaintiff's Response Brief in Opposition shall be filed on September 2, 1992.

3) Defendants' Reply Brief shall be filed on September 9, 1992.

4) Service of all briefs on opposing counsel shall be by hand.

The Court reserves its decision on the constitutional issues until it has been fully briefed.

The Clerk is directed to send a copy of this Order to counsel.

It is so ORDERED.

---

**3.** The Court recognizes that the plaintiff does not allege that Hildenbrandt had been drinking. The Court, however, does not believe that punitive damages in Virginia are limited to drunk driving cases.