## CIRCUIT COURT OF FAIRFAX COUNTY

Michael T. Kelley
and Susan J. Kelley,
Administrator
of the Estate of
Mary Kelley

v.

Richard B. Doremus et al.

June 28, 1995

Case No. (Law) 138538

By Judge Robert W. Wooldridge, Jr.

This matter comes on the demurrers of many of the Defendants to the motion for judgment. For the reasons stated below, those demurrers are sustained.

For purposes of the demurrers, the following allegations in the motion for judgment are taken as true. On March 26, 1993, Mary Kelley was a passenger in an automobile driven by Richard Doremus and was killed when the automobile crashed. The Plaintiffs, Michael T. Kelley and Susan J. Kelley, bring this action as administrators of the estate of Mary Kelley. On the evening she was killed, Mary Kelley went to the Kolasky home. The Kolaskys and the Kelleys were neighbors and friends. Judith Kolasky was the mother of Caroline Kolasky (Mary's friend) and Bobby Kolasky. Both Mary and Caroline were minors. Judith Kolasky drove Caroline and Mary to a party at the home of J. Steven Herod with actual or constructive knowledge that Mary and Caroline were taking alcohol with them, that the alcohol would be consumed by them, and that they would be too impaired to appreciate the dangers that might be presented while so impaired. Bobby Kolasky purchased the beer and wine that Caroline and Mary took with them to the party. The party occurred between 8:00 p.m. and 10:30 p.m. at Herod's home where twenty to thirty teenagers were present. Earlier that evening, Sherif A. Abdalla and Richard Doremus purchased a keg

of beer and then brought it to the Herod home where it was accessible to all at the party. Beer and alcohol were consumed by those present at the party, many of whom (including Richard Doremus and Abdalla) were under the age of eighteen. Herod knew of the presence and consumption of alcohol at the party, allowed the party to continue despite that knowledge, and allowed Doremus to drive away from his home after consuming alcohol that Herod knew or should have known impaired Doremus. Herod knew or should have known there were passengers in the Doremus car, including Mary Kelley. Herod had previously allowed similar parties to occur at his home. The Doremus vehicle crashed soon after leaving the party.

Count I alleges the negligent operation of his motor vehicle by Richard Doremus.

Counts II and III allege negligent entrustment of the automobile to Richard Doremus by Theodore and Mary Doremus, respectively.

Count IV alleges negligence by Judith Kolasky in driving Mary and Caroline to the party with actual or constructive knowledge that they had beer and wine with them that they would consume and that as a result they would be too impaired to appreciate the dangers that might be presented. Judith Kolasky is alleged to be negligent in allowing or facilitating that consumption.

Count V alleges negligence by Bobby Kolasky in buying and providing beer and wine to Mary and Caroline knowing they were minors and would consume it and thereby become too impaired to appreciate the dangers presented.

Count VI alleges that the Kolaskys and Kelleys were neighbors and had on many occasions before March 26, 1993, entrusted their children to each other with the understanding that the adults would supervise the children, warn them of dangers, warn the other parents of potential danger to their children, and take reasonable steps to eliminate those dangers. It is alleged that as a result there existed between the Kelleys and Kolaskys a reciprocal fiduciary duty that Judith Kolasky breached by transporting Mary and Caroline to a party where alcohol would be served and consumed by operators of motor vehicles in which Mary and Caroline would be passengers by failing to warn Mary of the dangers involved and by failing to warn the Kelleys of the dangers to their child.

Count VII alleges that the party held by Herod constituted a nuisance.

Count VIII alleges negligence on the part of Herod in allowing a party at his residence knowing that alcohol was being served to minors who

were operating motor vehicles and that such consumption would and did endanger the health or lives of the operators (including Richard Doremus) and passengers (including Mary) in those vehicles.

Count IX alleges negligence by Abdalla in purchasing a keg of beer in Washington, D.C., while under the age of eighteen and in violation of § 25-121 of the D.C. Code and in transporting the beer to the party and making it available for consumption by minors whom he knew would be driving from the party in an impaired condition.

There is no demurrer to Count I.

Theodore and Mary Doremus demur to the motion for judgment on the grounds that the claims against them in Counts II and III for negligent entrustment fail because the plaintiffs do not allege that those defendants owned or had custody or control of the Doremus vehicle. This Court agrees and sustains the demurrer.

Judith Kolasky, Bobby Kolasky, Herod, and Abdalla demur to the motion for judgment on the grounds that Counts IV, V, VIII, and IX, respectively, fail to state a cause of action for negligence in facilitating or allowing consumption of alcohol and that the actions of the defendants as a matter of law are too remote to be the proximate cause of Mary's death. An analysis of this issue begins with consideration of *Williamson v. Old Brogue, Inc.*, 232 Va. 350 (1986). In *Williamson*, the Supreme Court of Virginia held that a retail seller of alcoholic beverages is not liable in damages for providing alcoholic drinks to a customer who, while intoxicated, injures a third person in a motor vehicle accident. The Supreme Court noted that "individuals, drunk or sober, are responsible for their own torts and that, apart from statute, drinking the intoxicant, not furnishing it, is the proximate cause of the injury . . . . *[N]onliability* of one furnishing intoxicants . . . is a part of the common law of Virginia." *Williamson*, 232 Va. at 353 (emphasis in original). Because this issue involves competing economic, societal, and policy considerations, any different result should be legislative enacted and not judicially imposed. *Williamson*, 232 Va. at 354.

Plaintiffs argue that the case at bar is distinguishable from *Williamson* on various grounds. First, this case involves social hosts, not a tavern owner or commercial enterprise. Second, it involves the providing of alcohol to and the consumption of alcohol by juveniles. Plaintiffs assert that those juveniles are to be afforded extraordinary protection. In addition, unlike in *Williamson*, it is alleged that the person injured here by an intoxicated consumer of alcohol is a member of that class for whose ben-

efit certain statutes were enacted. In *Williamson*, plaintiff argued unsuccessfully that the defendant's alleged violation of § 4-62(1)(c) of the Code of Virginia (making it a misdemeanor to sell alcoholic beverages to an intoxicated person) constituted negligence *per se*. The Supreme Court noted that "[i]n order for the violation of a statute or ordinance to constitute actionable negligence, the injured person must have been of that class for whose benefit or protection the law was enacted." *Williamson*, 232 Va. at 355, citing *Smith v. Transit Co.*, 206 Va. 951, 957 (1966). As the person injured in *Williamson* was not a member of the class for whose benefit § 4-62(1)(c) was enacted, no cause of action based on negligence *per se* was created. Plaintiffs allege here that at least two statutes were violated, that Mary was a member of the class for whose benefit the statutes were enacted, and that therefore violations of the statutes constitute negligence and furnish the basis for a civil action. First, § 18.2-371 prohibits contributing to the delinquency of a minor. Second, § 40.1-103 makes it unlawful for any person having custody of a child to negligently cause or permit the life or health of the child to be endangered or to negligently cause or permit the child to be in a situation where the child's health or morals may be endangered. Plaintiffs assert that as to each statute, juveniles are the intended beneficiaries of the protection afforded by the statutes. As Mary is a juvenile, violations of the statutes are negligence *per se*.

The Court finds that the fact that social (versus commercial) hosts are involved here does not change the analysis of the Supreme Court in *Williamson*. Further, even assuming that Mary is an intended beneficiary of the cited statutes, this Court holds that the actions alleged by the defendants in the motion for judgment are too remote as a matter of law to constitute the proximate cause of Mary's death. As suggested in *Byrd v. Gate Petroleum Co.*, 845 F.2d 86 (4th Cir. 1988), the facts alleged here do not "support . . . a claim because under negligence theory, proximate cause must be proven. And, the [Supreme Court of Virginia] has held that the sale of alcoholic beverages is not the proximate cause of a patron's negligent acts." *Byrd*, 845 F.2d at 89. For these reasons, those demurrers are sustained.

Judith Kolasky's demurrer to the motion for judgment for alleged breach of fiduciary duty claimed in Count VI is sustained on the grounds that no cognizable fiduciary duty has been alleged. Even if such a duty

48

existed, its breach would be too remote to constitute the proximate cause of Mary's death.[1]

Herod's demurrer to the motion for judgment for nuisance claimed in Count VII is sustained on the grounds that no cause of action for nuisance is stated so as to entitle the plaintiff to relief.

The Court recognizes that this case is a tragedy for many of the parties. But not all tragedies afford as extensive and complete civil relief as a party may desire. There also are relationships that carry societal and moral duties but not legal ones.

Plaintiffs are allowed fourteen days from entry of the order to amend the motion for judgment should they so desire.

---

[1] Judith Kolasky's memorandum in support of her demurrer to Count VI also relies upon the defense of the statute of limitations. That defense is not raised by the demurrer itself, and the Court makes no ruling on the issue.