# CIRCUIT COURT OF THE CITY OF RICHMOND

Teresa F. Robinson,
Administratrix
of the Estate of
Nicole Leigh Breckenridge,
Deceased

v.

Nicole C. Johnson et al.

January 19, 1999

Case No. LE-2305-3

BY JUDGE T. J. MARKOW

This wrongful death case is before the court on the demurrer of the defendants, Matt Mary Moran, Inc., d/b/a Fox River Café and Comedy Club, and Paul J. Schmidt.

Upon review of a demurrer, the court must accept as true all material facts properly pleaded, including those expressly alleged, those which can be fairly viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22 (1993).

Nicole Breckenridge and a group of others went to Defendant Matt Mary Moran, Inc.'s establishment, Fox River Café, on the evening of November 12, 1997, to celebrate the twenty-first birthday of a friend. Among the members of that group were co-defendants Nicole Johnson and Jason Johnson, who were both under twenty-one years of age.

Defendants Fox River Café and Paul J. Schmidt, the bartender, served alcoholic beverages to each member of the group, including Nicole Johnson and Jason Johnson. At no time that evening did Fox River or Schmidt attempt to ascertain the ages of Nicole Johnson and Jason Johnson. Furthermore, Fox River and Schmidt had previously received a list of names, including ages and birth dates, from the employer of Nicole Johnson and Jason Johnson, both of whose names and birth dates were on the list as being under twenty-one. In violation of Virginia statutes that prohibit the sale of alcohol to underage and intoxicated persons, the group was served throughout the evening even after becoming visibly intoxicated. Fox River and Schmidt also had constructive knowledge that the group would be leaving by motor vehicle later that night.

The group left Fox River at approximately 2:00 a.m. on November 13, 1997, in two cars, one driven by Jason Johnson and one by Nicole Johnson, in which Nicole Breckenridge was a passenger. Nicole and Jason were both legally intoxicated at that time and were exceeding the speed limit while racing down the city streets of Richmond. During the race, Nicole Johnson lost control of her car, left the roadway, and collided with a tree at a high rate of speed. As a result of the collision, Nicole Breckenridge was killed. Nicole Johnson's blood alcohol content was measured to be at least .247, Jason Johnson's blood alcohol content was .13, and Nicole Breckenridge's blood alcohol content was .25.

All of the allegations and claims made against Fox River and Schmidt in the Motion for Judgment arise out of the sale of alcoholic beverages to Nicole Johnson and Jason Johnson. Count V alleges that Fox River and Schmidt negligently provided alcoholic beverages to Nicole Johnson and Jason Johnson and thereafter negligently failed to prevent them from operating motor vehicles or transporting passengers. Count VI alleges that Fox River and Schmidt acted willfully and wantonly in providing alcoholic beverages to Nicole Johnson and Jason Johnson. Count VII seeks recovery for the alleged breach of duty to maintain a reasonably safe premises. Count VIII alleges that Fox River and Schmidt are guilty of negligence *per se* as a result of alleged violations of Virginia laws relating to the sale of alcoholic beverages. Finally, Count IX seeks recovery for the alleged creation and maintenance of a nuisance. Fox River and Schmidt demur to these claims on the grounds that they are insufficient as a matter of law and fail to state a claim for which relief can be granted.

The court will first address counts V and VI together, which allege negligence and willful and wanton conduct. The law in Virginia is clear that liability is not imposed upon an establishment that serves alcohol to a patron

who subsequently drives an automobile and injures a third party. There is no such liability at common law, and the General Assembly of Virginia has not enacted "dram shop" legislation which would impose such civil liability.

The Supreme Court addressed the issue extensively in *Williamson v. The Old Brogue, Inc.*, 232 Va. 350 (1986). In that case, Williamson was injured in an automobile accident with Loredo who had become intoxicated as a result of the consumption of alcoholic beverages at The Old Brogue. The Supreme Court affirmed the trial court's ruling sustaining the demurrer and held that "nonliability of one furnishing intoxicants under these circumstances is a part of the common law of Virginia." *Id.*, at 353.

> The basis of the rule is that individuals, drunk or sober, are responsible for their own torts and that, apart from statute, drinking the intoxicant, not furnishing it, is the proximate cause of the injury. In other words, the common law considers the act of selling the intoxicating beverage as too remote to be a proximate cause of an injury resulting from the negligent conduct of the purchaser of the drink.

*Id.* (Citations omitted.) Under *Williamson*, there is no cause of action against Fox River or Schmidt for either negligence or willful and wanton conduct.

The plaintiff tries to distinguish *Williamson*, arguing that it only applies to "able bodied" men and not to minors. The plaintiff contends that the Supreme Court in *Williamson* cites *Felder v. Butler*, 438 A.2d 494 (Md. 1981), for the proposition that the common law does not recognize actionable negligence for serving intoxicants. The plaintiff argues, however, that the Supreme Court failed to include imperative language from the *Felder* opinion which states that there is no cause of action for serving intoxicants to "an able bodied man." See *Felder*, 438 A.2d 494.

The court finds that the fact that the parties served were underage does not change the effect of the ruling in *Williamson*. The Supreme Court of Virginia did not use the "able bodied" language in their ruling on the issue, nor did they base their finding on the fact that the patron served in *Williamson* was an able bodied man. Their finding was based on a lack of proximate cause which does not develop when the party served is under the age of twenty-one. The party in *Williamson* was served in violation of the statute which prohibits the sale of alcohol to an intoxicated person, and the defendant's Jason Johnson and Nicole Johnson were served in violation of a statute that prohibits the sale of

alcohol to minors. The difference in statute does not create a proximate cause that the court found does not exist.

Furthermore, the federal courts in applying Virginia law have found that *Williamson* applies to minors as well as adults. In *Corrigan v. United States*, 815 F.2d 954 (4th Cir. 1987), the court found that there was no liability on the part of the United States, under Virginia law, for injuries suffered by a third party. The victim in that case was a passenger in an automobile which was struck by a nineteen-year-old, intoxicated, army private who had been served extensively at taverns owned by the military. The court found no distinction between the violation of a statute prohibiting the sale of alcohol to an intoxicated person and violation of a statute prohibiting the sale of alcohol to a minor. "We do not think that the Virginia Supreme Court predictably would take a different view of the legal effect of the regulations breached in this case. Their breach therefore provides no liability." *Corrigan*, 815 F.2d at 957.

*Byrd v. Gate Petroleum Co.*, 845 F.2d 86 (4th Cir. 1988), also involved the sale of alcohol to a minor. In that case, a convenience store sold beer to a sixteen-year-old in violation of Virginia law. The court again makes no distinction between the sale of alcohol to a minor and to an "able bodied" man.

> Although this precise question has not yet been addressed by the Virginia Supreme Court, it is unnecessary to certify the issue to the state court. Based on recent decisions of the Virginia court and this court on similar issues, it is clear that Virginia does not recognize dram shop liability under these circumstances.

*Id*. at 88.

The court finds that *Williamson* is controlling on this issue, and therefore, no liability exists for counts V and VI against Fox River or Schmidt.

The court is well aware of the problems of drunk driving and the unfortunate consequences of such acts. However, as stated by the court in *Williamson*:

> We will apply the law as it now exists because we believe that a decision whether to abrogate such a fundamental rule as the one under consideration is the function of the legislative, not judicial, branch of government. Where, as here, the issue involves many competing economic, societal, and policy considerations, legislative procedures and safeguards are particularly appropriate to the task of fashioning an appropriate change, if any, to the settled rule.

*Williamson*, 232 Va. at 353.

Count VIII alleges that Fox River and Schmidt are guilty of negligence *per se.* Virginia Code §§ 4.1-304, 4.1-225(1)(c), and 4.1-225(1)(k) and 3 VAC 5-50-10 make it illegal (1) to sell alcoholic beverages to persons whom the licensees knew or had reason at the time to believe were less than twenty-one years of age; (2) to sell alcoholic beverages to persons whom the licensees knew or had reason at the time to believe were intoxicated; (3) for licensees to allow the consumption of alcoholic beverages upon the licensed premises by persons whom the licensees knew or had reason to believe were less than twenty-one years, and (4) for licensees to allow the consumption of alcoholic beverages upon the licensed premises by persons whom the licensees knew or had reason to believe were intoxicated. Each of these statutes and regulations was in force and effect on November 12 and 13, 1997, and applied to the defendants.

Although the defendants may in fact have violated these statutes, the violation of a statute does not, by that very fact alone, create a cause of action for negligence or make the party guilty of negligence per se.

> In order that violation of a statute or ordinance may constitute negligence, it is necessary that the duty created thereby should have been for the benefit of, or should have been owed to, the person claiming to have been injured through the violation, that is he must be a person for whose protection the statute or ordinance was designed .... . To afford a right of action for injury from that violation ... the complainant's injury must have been such as the statute or ordinance was intended to prevent ... he must show that his injury was caused by his exposure to a hazard from which it was the purpose of the statute to protect him. (Citations omitted.)

*Hamilton v. Glemming*, 187 Va. 309, 316 (1948).

The court in *Williamson* addressed the issue of negligence *per se* and found that the statute was not created for the benefit of the plaintiff. The court found that the act which provided that it was illegal to sell alcohol to an intoxicated man "was not a public safety measure .... . while improved public safety and prevention of personal injury were incidental benefits flowing from the Act, public sobriety and individual moderation were its plain goals." *Williamson*, 232 Va. at 356. As such, the plaintiff was not a member of the class for whose benefit the statute was created, and thus violation of the statute

did not constitute negligence per se nor did it furnish the basis for a civil action in damages.

The plaintiff attempts to distinguish this ruling based on the fact that the drinking age has been raised from eighteen to twenty-one since the 1934 Act was initiated, and therefore, the purpose and intent of the 1934 Act is not dispositive of that portion of the statute. The plaintiff asserts that Virginia increased the drinking age to twenty-one in an effort to reduce the number of deaths caused by drunk drivers, and therefore, Nicole Breckenridge is within the class intended to be protected.

The plaintiff relies on *The Governor's Task Force to Combat Drunk Driving, Action Plan to Combat Drunk Driving in Virginia; A Preventable Loss* 2 (1983) as indicative of the intent to protect the members of the general public from the dangers of drunk driving. The task force stated in its report that "it can be concluded from research and from crash statistics that alcohol-related crashes pose a serious problem in the highway environment and are one of the most difficult traffic safety problems to remedy." *Id.* at 5. Among the numerous recommendations that the task force made was the recommendation to raise the drinking age from eighteen to twenty-one. *Id.* at 26, 27. The legal drinking age was in fact subsequently raised in 1983.

The statutes allegedly violated by Fox River and Schmidt include the statute enacted in 1983, and the plaintiff argues, therefore, that Nicole Breckenridge was within the class of people for whose benefit the act was created. Furthermore, the plaintiff contends that her decedent's death was the type of injury which the statute was created to protect her from.

The court acknowledges that one of the reasons for the increase in the drinking age may have been for the purpose of combating the drunk driving problem. However, even if that was the sole purpose for which the act was created and even if the intent was to protect people from being injured or killed in underage drunk driving accidents, there still is no actionable cause of negligence for violation of the statute.

The statute defines the duty, breach of which constitutes negligence. It does not address causation. "A mere breach of a particular duty imposed by statute does not make the violator guilty of actionable negligence, which will support a recovery for damages unless such violation was the proximate cause of the injury." *Hamilton*, 187 Va. at 317. See *Virginia Stage Lines v. Brockman*, 209 Va. 188 (1968); *Baecher v. McFarland*, 183 Va. 1 (1944). The facts alleged here do not support a cause of action because, under a negligence theory, proximate cause must be proven. The Supreme Court of Virginia has clearly held that the sale of alcoholic beverages is not the proximate cause of

the patron's later acts. "The common law considered the act of selling the intoxicating beverages as too remote to be a proximate cause of an injury resulting from the negligent conduct of the purchaser of the drink." *Williamson*, 232 Va. at 353. Therefore, as a matter of law, no actionable negligence exists. The demurrer is, therefore, sustained on Count VIII.

The final counts for premises liability and nuisance are also sustained. Count VII alleges that Fox River and Schmidt had a duty to Nicole Breckenridge and others who were on the premises not to create a dangerous condition *on the premises*. The accident occurred off the premises on a public street in Richmond. Although a tavern owner would owe a common law duty to its customers to use reasonable care for their safety while on the premises, that duty does not extend to protection against the negligent acts of a third party which occur away from the owner's property.

Finally, Count IX fails to state a claim for nuisance under Virginia law. Fox River and Schmidt cite *Philip Morris, Inc. v. Emerson*, 235 Va. 380 (1988), as the relevant authority on this issue. The court agrees that it applies to this situation. In the case at bar, the true object is to recover damages for the alleged negligent acts of the defendants. The Supreme Court has ruled that in cases such as this, the court will "look to the object of the action, rather than its form, to determine the extent of liability of the defendants." *Emerson*, 235 Va. at 407. In *Emerson*, the plaintiff pleaded both negligence and nuisance as a basis for liability, "but the nuisance allegedly was the result of negligent conduct." *Id*. The court found that the plaintiff could not recover damages for the negligent conduct merely by characterizing the results of the negligence as a nuisance.

> Merely attaching the label "nuisance" to an action for personal injuries does not alter the nature of the action. Where the acts or omissions constituting negligence are the identical acts which it is asserted give rise to a cause of action for nuisance, the rules applicable to negligence will apply.

*Id*. Here the acts alleged in both counts are the same. It is the alleged negligent serving of alcohol to minors with the constructive knowledge that they would be operating motor vehicles that gives rise to both the negligence and nuisance counts.

For all the above-stated reasons, this court sustains the Demurrer of defendants Matt Mary Moran, Inc., d/b/a Fox River Cafe and Comedy Club,

and Paul J. Schmidt on all counts. As plaintiff cannot cure the deficiencies, leave to amend will not be granted.