**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HELEN L. PHILLIPS,
Plaintiff-Appellant,

v.

No. 97-1981

BRUCE BABBITT, SECRETARY, UNITED
STATES DEPARTMENT OF THE INTERIOR,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Carl Horn, III, Chief Magistrate Judge.
(CA-95-131)

Argued: March 4, 1998

Decided: June 5, 1998

Before HAMILTON and WILLIAMS, Circuit Judges, and
BROADWATER, United States District Judge for the
Northern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Patricia Ann Bellasalma, Los Angeles, California, for
Appellant. James Michael Sullivan, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee. **ON BRIEF:** Mark T. Cal-
loway, United States Attorney, Charlotte, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Helen L. Phillips (Phillips) brought suit under Title VII of the Civil
Rights Act of 1964 (as amended)**1** against Bruce Babbitt, Secretary of
the Interior (the Secretary), as head of the National Park Service. Phil-
lips alleged, <u>inter alia</u>, that she was subjected to discrimination by a
federal employee on the basis of sex. Phillips began employment as
a park ranger in 1990. She claims that she was disparately treated on
account of her sex and that she was subjected to hostile environment
sexual harassment by an intermittent supervisor, M. Terry Morris
(Morris). Phillips alleged a series of discriminatory actions by Morris
which extended over a period of years. During the administrative pro-
cess, the Secretary agreed that some of Morris' actions were viewed
as discriminatory. As a result, the parties also agreed that appropriate
action was taken against Morris. However, due to continuing viola-
tions by Morris, Phillips eventually filed the underlying lawsuit.

The parties consented to have the matter proceed before a United
States Magistrate Judge in April 1996.**2**  The Secretary filed a motion
entitled "Motion to Dismiss, or in the Alternative, for Summary Judg-
ment." Phillips opposed the motion. After review, the magistrate
judge granted the Secretary's motion for summary judgment and dis-
missed the case with prejudice on the grounds that Phillips failed to
exhaust administrative remedies available to her under the applicable
statutes relating to Title VII of the Civil Rights Act of 1964. Phillips
appeals this decision. Finding that the magistrate judge correctly
granted the Secretary's motion, we affirm.

_____

**1** The relevant section of Title VII is codified at 42 U.S.C. § 2000e-16.
**2** The case was then assigned to United States Magistrate Judge Carl
Horn, III, for the United States District Court for the Western District of
North Carolina, Statesville, as the parties had consented to disposition
before a magistrate judge pursuant to 28 U.S.C.§ 635(c).

I.

The facts surrounding Phillips' claims are as follows. Phillips began employment in 1987 as a part-time seasonal employee. She eventually acquired full-time status in 1990. Phillips was assigned as a full-time park ranger to the Blue Ridge Parkway, North Carolina. Phillips' allegations arose from conflicts experienced with her colleague and intermittent supervisor Morris.

Phillips filed two complaints with an Equal Employment Opportunity Commission (EEOC) counselor during her tenure as a park ranger. On September 21, 1993, Phillips complained that Morris discriminated against her on the basis of sex. Apparently, three days prior, Morris assigned a male employee to direct traffic during a bicycle race when she was assigned to work at a kiosk collecting money from campers. On October 29, 1993, the parties entered into an "Informal Resolution Agreement" in which Morris was formally warned against discriminatory treatment toward Philips. The supervising ranger who had promulgated the warning included several prior incidents in which he believed Morris discriminated against Phillips in her employment.[3]

On November 25, 1993, Morris requested that a male park ranger respond to an arson incident on park property rather than calling Phillips to respond. (J.A. at 502.) Phillips subsequently withdrew from the Informal Resolution Agreement. On December 10, 1993, Phillips' initial administrative complaint, encompassing both the kiosk/traffic incident and the arson incident, was formally filed under docket number FNP-94-034. (J.A. at 496-97.)

Again, the Park Service responded and declared that Morris' actions were clearly and unequivocally discriminatory toward Phillips. Morris was suspended two days without pay as the Park Service

_____

[3] Although the formal warning did not specify the basis of the discrimination, the supervising ranger mentioned the personality clash between Morris and Phillips and that Phillips should suffer no disparate treatment on account of her gender. (Joint Appendix [J.A.] at 48, 442.)

3

deemed his actions against Phillips, concerning the arson incident, as insubordinate.**4**

The EEOC informed Phillips by letter on June 13, 1994, of the "accepted allegations." She was directed to advise the EEOC counselor within five (5) calendar days if she had concerns or questions about how the allegations were stated. She did not respond. However, the magistrate judge accepted Phillips' contention that she never received the letter and therefore could not respond to it in a timely manner. (J.A. at 450.)

In August 1994, the EEOC proceeded to schedule its remaining investigation. Phillips retained counsel at this point and unsuccessfully attempted to expand the scope of her complaint beyond the two aforementioned incidents. Phillips requested that the EEOC office consider conflicts with Morris which occurred prior to the two 1993 incidents which comprised her formal complaints.

The EEOC office distributed its report of investigation on December 5, 1994. Phillips waived her right to a formal hearing and requested a final department decision. (J.A. at 539.) The Secretary did not render a final decision because Phillips filed the instant case in district court on October 31, 1995. Pursuant to 29 C.F.R. § 1614.107(c), case number FNP-94-034 was dismissed.

In order to initiate a second administrative complaint, Phillips contacted an EEOC counselor on or about September 15, 1994. (J.A. at 540-551.) This complaint was filed under docket number FNP-95-010, and raised, <u>inter alia</u>, the arson incident and the following:

> 1. That Phillips received incorrect information during pre-complaint counseling regarding relief available under discrimination complaints;

> 2. That Phillips was fraudulently induced to sign an informal resolution agreement;

_____

**4** The magistrate judge correctly points out in his Order of June 25, 1997 that both parties noted that this action was later rescinded by an Administrative Law Judge. (J.A. at 450.)

4

3. That Phillips was not called out about the arson incident in November 1993;

4. That Phillips received insufficient notice in August 1994 of the pending investigation regarding her complaint;

5. That the issues in Phillips' first complaint were defined too narrowly;

6. That the Secretary attempted to muddle the issues in Phillips' complaint through a mailing on September 7, 1994;

7. That the Secretary attempted to intimidate Phillips through that same mailing; and

8. That Phillips was not compensated for overtime earned during the pay period which ended August 6, 1994. **5**

The remaining allegations were dismissed for failure to state a claim in accordance with 29 C.F.R. § 1614.107(a). (J.A. at 452.) By letter dated August 28, 1995, the Secretary stated that the decision to dismiss the first seven allegations is the "final Departmental decision regarding this matter." Subsequently, the instant complaint was filed October 31, 1995.

II.

Federal Rule of Civil Procedure 12(b)(6) provides that dismissal is appropriate where the plaintiff "fail[s] to state a claim upon which relief can be granted." A district court must consider the complaint in the light most favorable to the plaintiff, assuming its allegations to be true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Mylan Lab. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

_____

**5** The Secretary accepted allegation eight (8) for processing, and Phillips advised the magistrate judge that she was no longer pursuing that claim. (J.A. at 452.)

5

Although the court is required to assume that the allegations are true, it does not need to assume that a plaintiff"can prove facts that [are] not alleged or that the defendant ha[s] violated the ... law ... in ways that have not been alleged." Estates Contr. v. Miller & Smith Holding Co., 14 F.3d 213, 221 (4th Cir. 1994) (citation omitted).

As set out further in Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by Fed.R.Civ.P. 56. See Anheuser-Busch v. Schmoke , 63 F.3d 1305, 1311 (4th Cir. 1995), vacated on other grounds, 517 U.S. 1206 (1996); and see also Wilson-Cook Med., Inc. v. Wilson, 942 F.2d 247, 252 (4th Cir. 1991).

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate if the pleadings show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A district court's grant of summary judgment is reviewed de novo. Nguyen v. CNA Corp., 44 F.3d 234, 236-37 (4th Cir. 1995). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion to determine whether any material issues of fact exist for trial. Id.

III.

The magistrate judge determined that Phillips' complaint alleged two causes of action. First, that Phillips suffered"gender discrimina-tion" in the form of disparate treatment and/or a"hostile workplace,"**6** and second, "retaliation" in response to Phillips' first complaint. The

_____

**6** The magistrate judge's Order of June 25, 1997, acknowledged that Phillips had failed to raise this claim in either EEOC complaint, and therefore the matter is not properly before the Court. The magistrate judge notes the issue's inclusion to provide a thorough analysis. (J.A. at 455, fn.4.)

magistrate judge outlined that Phillips' complaint alleged discriminatory treatment in regard to (1) job and duty assignments, (2) refusal to train, (3) assignment of equipment, (4) false allegations of misconduct, and (5) other terms and conditions of employment. (J.A. at 455.) Further, his Order recognized that Phillips' administrative remedies were exhausted on the aforementioned claims and noted that Paragraph Six (6) of the complaint reiterates that Phillips filed a timely formal charge of sex discrimination on December 10, 1993.

The magistrate judge was persuaded by the Secretary's argument. The Secretary contended that the formal charge filed and described above was much narrower than the broad allegations in Phillips' complaint. Further, Phillips' administrative remedies were exhausted only as to those allegations present in her first complaint, which were the kiosk/traffic incident and the arson incident. The magistrate judge held that, as to any further incidents or categories of discriminatory treatment, Phillips had clearly failed to exhaust the administrative remedies available to her, and on this basis, the broader allegations must be dismissed. (J.A. at 455-56.) See, e.g., Brown v. General Services Administration, 425 U.S. 820, 832 (1976).

The magistrate judge properly based his finding also on the holding of Evans v. Technologies Applications & Serv. Co., 80 F.3d 954 (4th Cir. 1996). This Court set forth in Evans that "only these discriminatory claims stated in the initial charge, those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans, 80 F.3d at 963.

The magistrate judge adhered to the proposition that the strict time requirement for notifying an EEOC counselor is intended to afford proper notice to the employing agency so that the agency can thoroughly and carefully investigate those claims while they are fresh. See Zipes v. TransWorld Airlines, 455 U.S. 385, 397 (1982). The lower court herein held that this time requirement is intended to prevent the litigation of stale claims and that those claims Phillips asserted against Morris from 1990-92 were stale. Also, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color,

7

religion, sex or national origin." Further, 42 U.S.C. § 16(a) provides that

> All personnel actions affecting employee ... in executive agencies ... shall be made free from any discrimination based on race, color, religion, sex or national origin.

The magistrate judge found that there was no adverse personnel action taken against Phillips. Further, the lower court found that there was no adverse action even if it could consider the broader allegations of the second EEOC complaint. The magistrate judge held that Phillips' conflict with Morris was promptly and unequivocally addressed by the Park Service as the Secretary's employee. Although an Administrative Law Judge determined that the ultimate actions taken against Morris were extraordinary under the circumstances, there is no doubt that the Park Service acted promptly on Phillips' behalf.

Turning to Phillips' "hostile workplace" claim, the court below determined that the sum of Phillips' complaints would not pass muster under summary judgment standards. Following the United States Supreme Court's instructions in Harris v. Forklift Systems, Inc., 510 U.S. 17, 21-22 (1993), and Meritor Savings Bank v. Vinson, 477 U.S. 57, 65 (1986), only conduct that is persuasive and serious is sufficient to state a hostile workplace claim. We agree with the magistrate judge that the Park Service's actions fall short of the behaviors envisioned by Harris and Vinson.

Finally, we also agree that Phillips' claim of retaliation is without merit. In order to establish a prima facie claim of retaliation, Phillips must show that: (1) Phillips was engaged in a protected activity, (2) the Park Service took some adverse action against her, and (3) a causal connection existed between the protected activity and the adverse action. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985), accord, McNairn v. Sullivan, 929 F.2d 974, 980 (4th Cir. 1991).

The magistrate judge correctly concluded that Phillips met the first element, through the filing of the EEOC complaint, but could not meet the second and third elements. The lower court specifically found that Phillips failed to demonstrate a material fact regarding

8

whether the Secretary took any adverse action against her and whether a causal connection existed between the filing of the EEOC complaint and the alleged adverse action.

We concur with the lower court's finding that, although Phillips can show that Morris treated her differently after the filing of the initial EEOC complaint, the alleged conduct is insufficient to demonstrate an "adverse action" for purposes of a retaliation claim. Hetzel v. County of Prince William, 89 F.3d 169, 171 (4th Cir. 1996); and Hopkins v. Baltimore Gas and Electric Co., 77 F.3d 745, 754 (4th Cir. 1996).

IV.

Upon consideration of the record, briefs, and oral argument, we affirm for those reasons adequately stated by the magistrate judge in his memorandum opinion, Helen L. Phillips, v. Bruce Babbitt, Secretary of the Interior, No. 35-CV-131 (W.D.N.C. June 25, 1997).

AFFIRMED

9