UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1849
(1:07-cv-00050-BEL)

WILLIAM BLAKE,

                    Plaintiff - Appellee,

          v.

BALTIMORE COUNTY, Maryland,

                    Defendant – Appellant,

          and

THE  BALTIMORE  COUNTY  POLICE  DEPARTMENT;  TERRANCE  B.
SHERIDAN, Chief of Police,

                    Defendants.

O R D E R

          The  Court  amends  its  opinion  filed  July  15,  2011,  as
follows:

          On  the  cover  sheet  caption,  the  name  of  Defendant  "THE
BALTIMORE CITY POLICE DEPARTMENT" is corrected to "THE BALTIMORE
COUNTY POLICE DEPARTMENT."

On the cover sheet, attorney information section, the name of Assistant County Attorney is corrected to "Jeffrey G. Cook."

For the Court – By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-1849**

———————

WILLIAM BLAKE,

        Plaintiff - Appellee,

    v.

BALTIMORE COUNTY, Maryland,

        Defendant – Appellant,

    and

THE BALTIMORE COUNTY POLICE DEPARTMENT; TERRANCE B.
SHERIDAN, Chief of Police,

        Defendants.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Benson Everett Legg, District Judge.
(1:07-cv-00050-BEL)

———————

Submitted:  June 27, 2011        Decided:  July 15, 2011

———————

Before MOTZ, SHEDD, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Gregory E. Gaskins, Deputy County Attorney, Jeffrey G. Cook,
Assistant County Attorney, Towson, Maryland, for Appellant.
Kathleen Cahill, THE LAW OFFICES OF KATHLEEN CAHILL, LLC,

Towson, Maryland; Michael F. Smith, THE SMITH APPELLATE LAW FIRM, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Baltimore County appeals the district court's denial of its pre-verdict motions for judgment as a matter of law and its post-verdict motion for remittitur. We affirm.

The failure of a party to renew its pre-verdict Fed. R. Civ. P. ("Rule") 50(a) motion through a post-verdict Rule 50(b) motion leaves this court powerless to review the district court's ruling: "The Supreme Court has held time and again that a party's failure to file a post-verdict motion under Rule 50(b) leaves an appellate court without power to direct the District Court to enter judgment contrary to the one it had permitted to stand." A Helping Hand, LLC v. Baltimore County, Md., 515 F.3d 356, 369 (4th Cir. 2008) (internal quotation marks and citations omitted)). "[A]n appellate court lacks the power even to order a new trial if a party has failed to file a Rule 50(b) motion following a jury verdict." Id. at 370. Baltimore County failed to renew its motions post-verdict through Rule 50(b). Thus, it raises no issue reviewable on appeal as to the jury's finding of liability.

We review the district court's denial of the County's motion seeking remittitur for abuse of discretion. Sloane v. Equifax Info. Servs., LLC, 510 F.3d 495, 502 (4th Cir. 2007). In denying a motion for remittitur, "[a] district court abuses its discretion only by upholding an award of damages when the

3

jury's verdict is against the weight of the evidence or based on evidence which is false."  Id. (internal quotation marks and citations omitted).

A compensatory damage award "must be proportional to the actual injury incurred" and "focus on the real injury sustained."  Hetzel v. County of Prince William, 89 F.3d 169, 173 (4th Cir. 1996) (internal quotation marks and citation omitted).  A jury's damage award should stand "unless it is grossly excessive or shocking to the conscience."  Fox v. General Motors Corp., 247 F.3d 169, 180 (4th Cir. 2001) (internal quotation marks and citation omitted).

"Courts defer to a jury's award of damages for intangible harms, such as emotional distress, because the harm is subjective and evaluating it depends considerably on the demeanor of the witnesses."  Fox, 247 F.3d at 180 (internal quotation marks and citation omitted).  But "[a] plaintiff seeking compensatory damages for emotional injuries cannot rely on conclusory statements that the plaintiff suffered emotional distress or the mere fact that a constitutional violation occurred, but, rather, the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated."  Knussman v. Maryland, 272 F.3d 625, 640 (4th Cir. 2001) (internal quotation marks, brackets, and citation omitted).  Our review of the record leads us to

4

conclude that the district court did not abuse its discretion in denying the County's motion for remittitur.[*] Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Like the district court, we presume that the jury followed the instruction commanding it to exclude any litigation-induced emotional distress from its damages calculation. United States v. Johnson, 587 F.3d 625, 631 (4th Cir. 2009).

5