Reversed by Supreme Court on March 23, 1998.

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

Nos. 95-1935(L)
(CA-94-919-A)

_____

Janice E. Hetzel,

Plaintiff - Appellee,

versus

County of Prince William, et al,

Defendants - Appellants.


_____

O R D E R

_____


The Court amends its opinion filed July 11, 1996, as follows:

On page 5, first full paragraph, line 2 -- the comma after the word "own" is moved to follow the word "brief" -- "Hetzel's own brief, conclusory statements."

On page 9, first paragraph, line 10 -- the word "injunction" is corrected to read "injunct<u>ive</u>."

On page 9, second full paragraph, line 3 -- the word "backpay" is corrected to read "back pay."

For the Court - By Direction


/s/ Bert M. Montague

_____

Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JANICE E. HETZEL,
Plaintiff-Appellee,

v.

COUNTY OF PRINCE WILLIAM;
CHARLIE T. DEANE,                                    No. 95-1935
Defendants-Appellants,

and

G. W. JONES; C. E. O'SHIELDS,
Defendants.

JANICE E. HETZEL,
Plaintiff-Appellant,

v.

COUNTY OF PRINCE WILLIAM;
CHARLIE T. DEANE,                                    No. 95-2004
Defendants-Appellees,

and

G. W. JONES; C. E. O'SHIELDS,
Defendants.

JANICE E. HETZEL,
Plaintiff-Appellant,

v.

COUNTY OF PRINCE WILLIAM;
CHARLIE T. DEANE,                                       No. 95-2010
Defendants-Appellees,

and

G. W. JONES; C. E. O'SHIELDS,
Defendants.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-94-919-A)

Argued: June 5, 1996

Decided: July 11, 1996

Before ERVIN, HAMILTON, and LUTTIG, Circuit Judges.

_____

Reversed and remanded by published opinion. Judge Luttig wrote the
opinion, in which Judge Ervin and Judge Hamilton joined.

_____

**COUNSEL**

**ARGUED:** Sharon Elizabeth Pandak, County Attorney, Prince Wil-
liam, Virginia, for Appellants. John Michael Bredehoft, CHARLSON
& BREDEHOFT, P.C., Reston, Virginia, for Appellee. **ON BRIEF:**
Angela M. Lemmon, Assistant County Attorney, Megan E. Kelly,
Assistant County Attorney, Prince William, Virginia; Bernard J.
DiMuro, DIMURO, GINSBERG & LIEBERMAN, P.C., Alexandria,

2

Virginia, for Appellants. Elaine C. Bredehoft, CHARLSON & BREDEHOFT, P.C., Reston, Virginia, for Appellee.

_____

**OPINION**

LUTTIG, Circuit Judge:

Appellee, Janice E. Hetzel, an hispanic female who currently is a police officer in good standing in Prince William County, Virginia, brought the instant action against appellants, Prince William County and Police Chief Charlie T. Deane, as well as against other police officers not parties to this appeal, under Title VII and section 1983 alleging harassment and discrimination on the basis of sex and national origin. Hetzel also claimed that because of her attempts to enforce her right to be free of discrimination, the defendants took various retaliatory actions, including failing to promote her to the rank of sergeant, in violation of the First Amendment, the Equal Protection Clause and Title VII. She requested some $9.3 million in damages plus backpay, retroactive promotion to sergeant, and other injunctive relief.

After an 8-day trial, the jury rejected all of Hetzel's counts (seven in all) alleging sex and national origin discrimination and that she was denied a promotion because of such discrimination, finding that the defendants had not engaged in any invidious discrimination in violation of Title VII. The jury concluded, however, that Chief Deane retaliated against Hetzel "because of [her] engaging in protected speech," and awarded $750,000 in damages for Hetzel's emotional distress. Following the verdict, the district court granted appellants' motion as a matter of law on one of Hetzel's three retaliation claims, and thus reduced the damage award to $500,000. The court also awarded appellee in excess of $180,000 in attorney's fees and costs, but, because the court was concerned that "there is a likelihood that [Hetzel] would interpret any act of discipline as retaliation," it refused to grant Hetzel any injunctive relief against future retaliation. J.A. at 291. For similar reasons, the district court denied Hetzel's request for retroactive promotion to sergeant, noting that "[a]lthough the jury may have found that the failure to promote was retaliatory, the verdict

3

is too ambiguous to support the equitable relief requested by plaintiff. Having observed the plaintiff's demeanor at trial, the Court is concerned that plaintiff does not now possess the temperament necessary to be an effective sergeant." Id. at 290; see also id. at 291 & n.5.

Both parties appealed raising numerous issues. We leave intact the jury's finding of liability on appellee's retaliation claims. Because we conclude that both the damage award and the award of attorney's fees are excessive as a matter of law, however, we reverse the judgment of the district court and remand the case for further proceedings.

I.

Appellants first contend that the award of $500,000 for emotional distress, based almost entirely on Hetzel's own self-serving testimony concerning stress and headaches, is unsupported by the evidence and excessive as a matter of law. Hetzel, acknowledging that the evidence of damages comes largely from her own testimony, responds that the award is supported by the uncontroverted evidence, is similar to other awards for mental distress in comparable cases, and is easily justified by the numerous adverse actions taken by appellants. Although Hetzel claims that denial of transfers, disparate disciplinary treatment, poor performance evaluations, abusive treatment, a 1995 Internal Affairs ("I.A.") investigation, and the failure to promote are all adverse employment actions supporting the damage award, only the alleged failure to promote and the 1995 I.A. investigation can even possibly constitute adverse retaliatory action, as the other acts either were taken outside the statute of limitations or did not deprive Hetzel of a valuable government benefit, see, e.g., Huang v. Board of Governors, 902 F.2d 1134, 1140 (4th Cir. 1990).

A jury's award of compensatory damages will be set aside on the grounds of excessiveness only if "`"the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice,"'" Johnson v. Hugo's Skateway, 974 F.2d 1408, 1414 (4th Cir. 1992) (en banc) (quoting Johnson v. Parrish, 827 F.2d 988, 991 (4th Cir. 1987) (quoting Aetna Cas. & Sur. Co. v. Yeatts, 122 F.2d 350, 352 (4th Cir. 1941))), or "no substantial evidence is presented to support it," Barber v. Whirlpool Corp., 34 F.3d 1268, 1279 (4th Cir. 1994). The district court, with lit-

4

tle analysis, rejected appellants' claim that the $500,000 damage award for emotional distress was excessive, concluding that the award was fully supported by the evidence because "most importantly" Hetzel "was crying and shaking throughout most of the trial." J.A. at 284. Quite obviously, a litigant's demeanor while at counsel's table is not evidence to support a damage award.

The evidence presented at trial concerning Hetzel's emotional distress consisted almost exclusively of Hetzel's own brief, conclusory statements -- comprising less than ten pages of a joint appendix exceeding 5,000 pages -- that she had headaches, stress, trouble reading to her daughter, and problems with her family life as a result of appellants' actions. Hetzel presented no evidence corroborating the existence of any of her supposed specific harms. She remains an officer in good standing with the police department. She continues to perform her duties with no noticeable diminution in performance, as her most recent performance evaluation, which was nothing short of stellar, confirms. She has no observable injuries or physical ailments. Indeed, although Hetzel insists that she was devastated and humiliated by appellants' actions, she has never once seen a doctor, therapist, or other professional, or even sought the counsel of a friend, to help her deal with what is supposedly an enormous problem overshadowing all aspects of her life.

Hetzel's thin evidence of rather limited damages would in-and-of itself entitle her to only a minimal damage award for intangible injuries. See, e.g., Rodgers v. Fisher Body Div., 739 F.2d 1102, 1108 (6th Cir. 1984) (holding that plaintiff's own brief testimony that he was forced to go on welfare and had his car repossessed causing humiliation and distress was insufficient to support a sizeable award for emotional distress), cert. denied, 470 U.S. 1054 (1985); cf. Carey v. Piphus, 435 U.S. 247, 264 (1978) ("[A]lthough mental and emotional distress . . . is compensable under § 1983, we hold that neither the likelihood of such injury nor the difficulty of proving it is so great as to justify awarding compensatory damages without proof that such injury actually was caused."). However, only a part of Hetzel's harms are properly attributed to appellants' retaliatory actions. Much, if not all, of Hetzel's claimed distress was actually caused by her erroneous belief that she was the victim of invidious discrimination, and of course, given the jury's findings for the defendants on all of Hetzel's

5

claims of discrimination, Hetzel is entitled to no damages for any injuries which were caused by her belief that she was the victim of invidious discrimination. Sergeant Collier, the one witness Hetzel points to as corroborating her contention that the appellants' retaliatory actions caused her intangible injuries, testified that Hetzel had told him that she was under continuous emotional stress and feeling a "sense of frustration" because of her "dealing with this issue of discrimination." J.A. at 1352 (testimony of Sgt. Collier) (emphasis added). Moreover, as the district court recognized, but failed to take into account in its brief examination of the magnitude of the damages, some of Hetzel's stress and emotional difficulties must be attributed to her tendency to overreact to situations. See id. at 291 n.5.**1**

The only other evidence of emotional distress that even arguably supports an award of damages is Hetzel's reaction following a fifteen-to-twenty minute Internal Affairs interview, conducted on January 15, 1995, concerning whether Hetzel had improperly advised a suspect of his Miranda rights -- an investigation which led to an oral reprimand for Hetzel's improper actions. While we have significant doubts as to whether this interview constitutes an adverse employment action which is actionable under Title VII or section 1983, we do not here need to conclusively decide that issue because any temporary reaction Hetzel may have had to this interview does not entitle her to any substantial or significant damage award. Although other officers testified

---------------------------------------------------------------

**1** As the district court noted:

> [A discussion] conducted by Sergeant Metheny on February 24, 1995 provides a clear example of the risk of plaintiff's overreaction. The [discussion] was designed to explore plaintiff's understanding of the Miranda warning and to eliminate any confusion plaintiff may have had about the requirements for a proper waiver. . . . Despite Sergeant Metheny's assurance that she would not be disciplined for [a] 1993 case, and before he could question her about it, plaintiff responded that "[i]f you're going to get into this, I refuse to answer any questions right now and I'm going to walk out of here because this is complete harassment." Even First Sergeant Collier, plaintiff's supervisor and strongest supporting witness, felt that plaintiff overreacted to the [discussion].

Id. (internal citations omitted).

6

that Hetzel was briefly distraught following the interview, Hetzel, after composing herself, finished out the remainder of her shift. Plainly a $500,000 award for a reaction following a brief interview during the course of a successful investigation is a gross miscarriage of justice.

Simply put, the jury was presented with insufficient evidence "to place a high dollar value on plaintiff's emotional harm." Rodgers, 739 F.2d at 1108. That this award is outrageous is confirmed by even a cursory analysis of the impressive array of cases cited by the appellee in support of the jury verdict. These cases, all of which contained a substantial award of $25,000 or more for intangible injuries such as emotional distress, involved plaintiffs that either were the victims of invidious discrimination, suffered serious -- often permanent -- physical injuries, or were discharged and had difficulty finding alternative employment. See Appellee's Br. at 32-34 & n.29. For example, in Meyers v. City of Cincinnati, 14 F.3d 1115, 1119 (6th Cir. 1994), the Sixth Circuit rejected the contention that an award of $25,000 for mental anguish, humiliation and loss of reputation to an assistant fire chief unconstitutionally forced to retire was excessive and not supported by the evidence because the fire chief, who had been discharged, had lost ten pounds, suffered from insomnia, and was under a doctor's care for stomach problems. In another case bearing some similarity to the instant case, Wulf v. City of Wichita, 883 F.2d 842, 874-75 (10th Cir. 1989), the court held that a $250,000 award for emotional distress to a police officer following unlawful termination, which was supported only by the testimony of the plaintiff that he was stressed, angry, depressed and frustrated, and similar testimony from his wife, was grossly excessive and remanded the case for recalculation of damages not to exceed $50,000. In stark contrast to these cases, and the others relied upon by the appellee -- most of which did not involve an award of damages for emotional distress even approaching the magnitude of the award in this case -- Hetzel suffered no discrimination, was not physically injured, is not under the care of a physician, and remains an officer in good standing on the Prince William County police force. See also Spence v. Board of Educ., 806 F.2d 1198, 1200-01 (3d Cir. 1986) (affirming district court's remittitur of jury award of $22,060 for emotional distress where plaintiff testified that she was "depressed and humiliated" by a retaliatory transfer).

7

As this court has often remarked, "an award of substantial compensatory damages . . . must be proportional to the actual injury incurred. . . . The award must focus on the real injury sustained . . . ." Piver v. Pender County Bd. of Educ., 835 F.2d 1076, 1082 (4th Cir. 1987), cert. denied, 487 U.S. 1206 (1988). Here, the award of $500,000 was grossly excessive when compared to the limited evidence of harm presented at trial and would result in a serious "miscarriage of justice" if upheld. Accordingly, we set aside the damage award and remand the case to the district court for recalculation of the award of damages for emotional distress.[2] Upon remand, the district should closely examine the awards in Bradley v. Carydale Enter., 730 F. Supp. 709, 726-27 (E.D. Va. 1989), and McClam v. City of Norfolk Police Dep't, 877 F. Supp. 277, 284 (E.D. Va. 1995), which we believe are comparable to what would be an appropriate award in this case.

II.

Appellants also contend that the district court erred in granting appellee's entire $176,293 request for attorney's fees. The district court, after concluding that the unsuccessful discrimination and harassment claims against all defendants -- two of which are not even a party to this appeal because they fully prevailed -- "shared a common core of operative facts" with the successful retaliation claims against the city and Chief Deane, and that Hetzel had achieved significant relief in the form of a "substantial damage[ ]" award, granted appellee's full petition for attorney's fees. J.A. at 288-89. We will reverse a district court's determination of attorney's fees only "if under all the facts and circumstances [the award] is clearly wrong." Hugo's Skateway, 974 F.2d at 1418 (internal quotation marks omitted).

Especially in light of our determination that the evidence does not support a substantial damage award, we believe the award of $176,293 in attorney's fees was "clearly wrong." Given the limited results she obtained in this case, Hetzel is not entitled to an award of

_____

**2** Because we conclude that the $500,000 award is outrageous, we do not need to address Hetzel's contention that the district court improperly reduced the award by $250,000 in granting a judgment as a matter of law for the defendants on one of her retaliation claims.

8

significant, much less full, attorney's fees. As the Supreme Court has instructed, "`[w]here recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.'" Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Riverside v. Rivera, 477 U.S. 561, 585 (1986) (Powell, J., concurring in the judgment)). Whereas Hetzel's complaint requested $9.3 million in damages, back pay, retroactive promotion to sergeant, and other injunctive relief, she will ultimately receive only a pittance of her original damages request and no injunctive relief, promotion nor back pay. Moreover, the Supreme Court has also explained that,

> [w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. . . . We emphasize that the inquiry does not end with a finding that the plaintiff obtained significant relief. <u>A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole</u>.

Hensley v. Eckerhart, 461 U.S. 424, 435, 439-40 (1983) (emphasis added); see also Farrar, 506 U.S. at 114 ("Indeed, `the most critical factor' in determining the reasonableness of a fee award `is the degree of success obtained.'" (quoting Hensley, 461 U.S. at 436)). Here, Hetzel failed on her core claims -- the seven counts alleging invidious sex and national origin discrimination. Because Hetzel has gained but an insignificant portion of the relief she originally requested and because she has failed to prevail on her most consequential claims, she is entitled only to a fraction of her attorney's fees.

In sum, we vacate the fee award and remand to the district court for reconsideration of appellee's fee petition.

III.

Finally, we consider appellee's cross-appeal. Hetzel claims that because she prevailed on her retaliation claim she is "presumptively" entitled to equitable relief in the form of front and back pay, or retroactive promotion to sergeant, and that the district court abused its discretion in refusing to award any such relief. We disagree. With

9

respect to backpay, the evidence clearly showed that Hetzel earned more as a police officer than she would have earned as a sergeant because officers, but not sergeants, are paid overtime. With respect to a promotion or front pay, the district court determined:

> Although the jury may have found that the failure to pro-mote was retaliatory, the verdict is too ambiguous to support the equitable relief requested by plaintiff. Having observed the plaintiff's demeanor at trial, the Court is concerned that plaintiff does not now possess the temperament necessary to be an effective sergeant.

J.A. at 290. We can find nothing in the voluminous record in this case that even suggests that the district court abused its discretion, and we will not order that someone be promoted to a higher level within a paramilitary organization where they lack the requisite qualities to perform the duties of the job effectively.[3]

For the reasons stated herein, we reverse the judgment of the dis-trict court and remand the case for recalculation of damages for emo-tional distress and recalculation of attorney's fees.

REVERSED AND REMANDED
_____

[3] Both parties raise numerous other issues. We have carefully consid-ered each issue and have concluded that the remaining claims either have not been properly preserved for appeal or are without merit.

10