**Robert N. LaPORTE Plaintiff**

v.

**William J. HENDERSON, Postmaster General of the United States Defendant**

**No. PJM 00–3341.**

United States District Court, D. Maryland.

Nov. 28, 2001.

Joe C. Ashworth, Law Office, Leonard-town, MD, for Plaintiff.

Jennifer Lilore Huesman, Assistant United States Attorney, Baltimore, MD, for Defendant.

## OPINION

MESSITTE, District Judge.

### I.

Plaintiff Robert N. LaPorte sues Defendant William J. Henderson, Postmaster General of the United States.[1]

Based on a complaint filed in January of 1993, the Equal Employment Opportunity Commission (EEOC) found that LaPorte, an employee of the USPS, had been discriminated against in his employment based on his race, color and age.

Although the EEOC rejected LaPorte's claims that he was denied promotions on these grounds, it held that, for discriminatory reasons, the agency consistently denied him an opportunity to serve as an Acting Supervisor in various post offices. Accordingly, the Commission granted LaPorte certain relief, including back pay.

The EEOC also entered the following directive:

> The [USPS] shall consider [LaPorte's] claim for compensatory damages incurred as a result of the agency's discriminatory failure to utilize him as an acting supervisor. Within 15 days of the date that it receives this decision, the

---

1. Henderson is no longer Postmaster General, having been succeeded by John E. Potter. Defense counsel has not moved to Substitute Potter as Defendant in these proceedings, but the Court deems that to be unnecessary. In place of the Postmaster General, the Court will refer to the United States Postal Service (the USPS).

agency shall notify appellant of his right to present evidence to the agency regarding his claim for compensatory damages. Appellant shall provide objective evidence that the damages in question were a result of the agency's discrimination and of the amount of the claimed damages. Within 30 days of the submission of such evidence, the agency shall issue a final agency decision on this issue, with appropriate appeal rights to the Commission.

LaPorte's attorney responded by submitting a letter stating that the "discrimination caused Mr. LaPorte to suffer both financial and mental harm" and asked for $300,000 in damages. He subsequently submitted a recalculation of damages seeking an aggregate of $614,080 in damages, of which $300,000 was designated for "Pain and Suffering/Emotional Distress." No evidence of LaPorte's emotional distress, objective or otherwise, accompanied these papers, *i.e.*, there were no statements from Laporte or anyone else and no medical or psychological reports.

Both the USPS and the EEOC eventually denied LaPorte's claim for compensatory damages in its entirety. The EEOC held:

> [W]e agree with the agency's finding that compensatory damages are not supported by the record. Complainant fails to present a scintilla of evidence describing his claim for "pain and suffering/emotional distress" relating to the finding of discrimination.[2] On appeal, complainant concedes that he did not seek medical or psychiatric treatment. However, complainant argues that "one does not have to have a grasp for the obvious to reach the conclusion that pain and suffering prevailed after a seven-year period of waiting for a decision." With respect to this argument we note that complainant is not entitled to any

damages caused as a result of a lengthy complaint/adjudication process, nor is he entitled to damages related to the non-promotion issues that the Commission previously found to be properly dismissed as untimely. Complainant is solely entitled to damages that were directly caused by the discriminatory conduct.

Lastly, complainant provided, for the first time on appeal, a statement from his daughter.[3] Assuming such evidence was presented before the agency in a timely manner,[4] we find that such evidence is, nevertheless, insufficient to prove that compensatory damages were suffered by complainant as a direct result of the discriminatory conduct. Complainant's daughter stated that complainant "changed a lot since this whole thing happened; he now hates going to work." However, complainant's daughter described complainant's frustrations as being related to the agency's failure to promote complainant to higher levels over the years, rather than the discriminatory act (*i.e.*, failure of complainant to be assigned acting supervisor duties on several occasions). Accordingly, the statement by complainant's daughter fails to show emotional distress caused by the discrimination at issue herein.

---

2  Complainant also argues on appeal that he is entitled to an award of back pay related to the alleged discriminatory non-promotions. However, since the Commission has previously found this allegation untimely raised before an EEO counselor, we find no merit to complainant's claim

3  We note that this is the only witness statement/documentary evidence in the record related to compensatory damages.

4  We do not address the merits of considering such new evidence on appeal.

Disagreeing with the EEOC's conclusion, La Porte has brought the present suit. In it, he seeks *inter alia:*

1) Judgment ordering that the USPS promote him to a supervisory position; and

2) Judgment for emotional distress.[2]

The USPS asks the Court to dismiss the case or alternatively to grant it summary judgment on the grounds that:

1) LaPorte has failed to state a claim;

2) No genuine issue of material fact exists;

3) LaPorte has failed to exhaust his administrative remedies.[3]

## II.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. *See, e.g., District 28, United Mine Workers of America, Inc. v. Wellmore Coal Corp.,* 609 F.2d 1083, 1085–86 (4th Cir.1979). For purposes of the motion, the court takes the well-pleaded allegations of the complaint as true. *Byrd v. Gate Petroleum Co.,* 845 F.2d 86, 87 (4th Cir.1988). The court, however, need not accept the truth of inferences or conclusions unsupported by allegations of specific facts. *United States ex rel. Chunie v. Ringrose,* 788 F.2d 638, 643 n. 2 (9th Cir.1986). Nor need the court accept the truth of legal conclusions. *Wellmore Coal Corp.,* 609 F.2d at 1085–86.

A complaint will be dismissed if it appears beyond doubt that, in support of his claims, plaintiff can prove no set of facts that would entitle him to relief. *Boyce v. Alizaduh,* 595 F.2d 948, 951 (4th Cir.1979).

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact" and the "moving party is entitled to judgment as a matter of law." Specific material evidentiary facts must be shown to overcome summary judgment. *Ash v. United Parcel Service, Inc.,* 800 F.2d 409, 411–12 (4th Cir.1986).

## III.

■■■ It is well established that prior to filing a suit under Title VII, a claimant is required to pursue and exhaust administrative remedies. *See* 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.110; *Zografov v. V.A. Medical Ctr.,* 779 F.2d 967, 968–69 (4th Cir.1985). "The purpose of the exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer. Good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information is all that exhaustion requires." *Wade v. Secretary of the Army,* 796 F.2d 1369, 1377 (11th Cir.1986). Thus, where an agency or the EEOC requests information relevant to resolving the employee's complaint and the employee fails to provide that information, the employee has failed to exhaust his administrative remedies. *See Washington v. Nordstrom, Inc.,* 2001 WL 282699, *3 (D.Md.2001) (concluding that plaintiff failed to exhaust administrative remedies when plaintiff failed to respond to EEOC's request for additional information regarding discrimination claims); *Crawford v. Babbitt,* 186 F.3d 1322, 1326–27 (11th Cir.1999) (concluding that plaintiff failed to exhaust administrative remedies when plaintiff failed to provide information relevant to claim for com-

---

**2.** Further facts will be set forth in the course of this Opinion.

**3.** Although the USPS asserts three grounds, it actually argues no more than one, *viz.,* failure to exhaust administrative remedies. Presum-

ably the USPS means to suggest that LaPorte's failure to exhaust his administrative remedies signifies either that he has no claim to state or that the USPS is entitled to summary judgment.

pensatory damages); *Barnes v. Levitt*, 118 F.3d 404, 408–10 (5th Cir.1997) (stating that a claimant may not refuse to provide requested information, wait for 180 days to pass, and then invoke the jurisdiction of the federal court, because such a claimant has failed to exhaust his administrative remedies); *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir.1999) ("In order to exhaust administrative remedies, the claimant is required to demonstrate good faith participation in the administrative process, which includes making specific charges and providing information necessary to the investigation.").

## IV.

■ The USPS argues that LaPorte is precluded from seeking an order that he be promoted to a supervisory position because he never requested "injunctive" relief in either his formal or informal administrative complaints. Although LaPorte, for some reason, fails to address this argument in his opposition, a review of the record shows that the USPS is incorrect.

In his "Complaint of Discrimination in the Postal Service," dated January 14, 1993, LaPorte alleged that he had been "passed over for numerous promotions." In the same document, with respect to "Corrective Actions Sought," he asked for "promotion to EAS 17 (with/back pay)." Indeed, the USPS, by letter to LaPorte dated February 8, 1993, stated that one of the "specific issues" it was accepting for investigation was whether LaPorte had been "passed over for promotion due to affirmative action objectives." Thereafter, both the USPS in its Final Agency Decision dated April 4, 1994 and in its decision dated November 24, 1994, found that LaPorte had failed to timely initiate counselor contact pursuant to EEOC regulations. These decisions were made in the same administrative docket, Agency Case 2–C–

2486–92, which addressed all other issues related to LaPorte's claim of discrimination, including compensatory damages and attorneys fees. Those issues remained in dispute until as late as August 2000.

· The issue, then, of the USPS's failure to promote and LaPorte's request for promotion to a supervisory position was not only part of his administrative claim; the issue was not appealable to this Court until all related issues had been resolved by the EEOC as of August 2000.

■ That said, it appears certain that any claim for promotion to a supervisory position on the part of LaPorte would still be time-barred. Thus, the EEOC in its decision filed November 21, 1994, made the following finding:

> In this case, appellant alleged that he was passed over for numerous promotions due to the agency's affirmative action objectives. The record shows that the most recent nonpromotion occurred in November 1991. However, appellant did not initiate EEO counseling until September 3, 1992, over ten months later. Appellant's counselor contact was thus untimely, as it was well beyond the thirty-day time frame in effect at the time of the alleged discrimination. *See* 29 C.F.R. § 1613.214(a)(1)(i).

> Although appellant was given the opportunity to explain the timeliness of his counselor contact during the processing of his complaint, appellant did not submit any argument or explanation in this regard. Nor did appellant submit any argument or evidence on appeal regarding the timeliness of his EEO counselor contact. Therefore, we find that the agency properly dismissed this portion of the complaint on the grounds of untimely EEO counselor contact.

LaPorte in no way contests this factual finding, which is straightforward and either is or is not accurate. In the absence of evidence to the contrary, the Court accepts the EEOC's finding as accurate.[4] As a result, since failure to consult with an EEO counselor in a timely fashion represents a failure to timely exhaust administrative remedies, the Court is without jurisdiction to hear the claim. *Zografov,* 779 F.2d at 968–69. The USPS is entitled to summary judgment on the failure to promote claim.

## V.

■ The USPS also argues that LaPorte is precluded from pursuing his claim for compensatory damages because he "failed to present to the agency at a minimum, an affidavit or other evidence to support his claim" and "did not seek medical or psychiatric treatment." He also allegedly failed to describe how he was affected by the discrimination and failed to provide any evidence of causation. The total effect, according to the USPS, is that LaPorte did not pursue his claim before the administrative agency in good faith.

LaPorte vigorously defends his good faith in these proceedings, citing his seven years of struggle with the USPS. This argument, however, does not address the ultimate question before the Court, which is—Did LaPorte in fact adduce objective evidence of emotional distress?

This much is clear: When the issue of his emotional damages was before the USPS in 1999, LaPorte's only submission was his attorney's letter to the effect that

LaPorte was claiming emotional distress. No statement came from LaPorte himself, nor corroboration from any family member, much less affidavits or medical testimony.

It is true that, when he appealed the USPS decision to the EEOC, LaPorte signed the appeal personally and appended a letter from his daughter attesting to his emotional distress. The EEOC might have rejected that letter, which was filed for the first time on appeal. *See, e.g., Huelsman v. Civic Center. Corp.,* 873 F.2d 1171, 1175 (8th Cir.1989). But since the EEOC considered the letter, the Court will do likewise. *See, e.g., Dakota Inds., Inc. v. Dakota Sportswear, Inc.,* 988 F.2d 61, 63 (8th Cir.1993).

The question remains whether the daughter's letter represents objective evidence of LaPorte's emotional distress. It should be emphasized that the issue is not whether the evidence was sufficient to convince the EEOC. Assuming the evidence was at least debatable, even if it failed to persuade the EEOC, LaPorte would still have the right to pursue a *de novo* hearing in federal court. The issue is whether LaPorte presented *any* objective evidence at all and, if not, what the legal effect of that failure might be.

The Court concludes that LaPorte failed to present any objective evidence of his emotional damages at the administrative hearings. The sum and substance of his evidence was his daughter's letter, which read in pertinent part as follows:

> He has changed a lot since this whole thing happened, he now hates going to

---

4. Findings of the EEOC are admissible in evidence pursuant to Federal Rule of Evidence 803(8)(c) which excepts from the hearsay rule "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." *Chandler v. Roudebush,* 425 U.S. 840, 864 n. 39, 96 S.Ct. 1949, 48 L.Ed.2d 416,(1976). *See also Plummer v. Western Int'l Hotels Co.,* 656 F.2d 502, 505 (9th Cir.1981); *Abrams v. Johnson,* 534 F.2d 1226, 1228 (6th Cir.1976).

work, and his attitude coming home from work has gotten worse. In the past he would come home after work and was in a good mood, no matter what type of day he had. Now, my mom and I look out the window when we hear the car coming. We look to see what his face looks like telling us what type of mood he is in. If his face looks mad, then we don't say to [sic] much to him because we don't know how he will respond to what we say. Majority of the time it is not because he had a bad day, but that he hates his job.

I have seen him kick our wall in such frustration because he could not get a promotion to a higher level. He has done, in my opinion, all he can do to better educate himself on new advancements in the USPS. He has gone to training class, retaken his test to increase his scores, and has revised his PS Form 991 more times than I can remember. He does all of this in hope of getting a promotion. He transferred to Saint Mary's City Post Office. He did this knowing that he will lose all of his senority [sic], he left not because he was told to. He left because he felt that it was good opportunity for him. By doing this he was able to see close up what the job of a Postmaster asked of him, and to increase his knowledge of everything that was involved to be one.

■ Even if this letter had been under oath (which it was not), it was clearly insufficient as a matter of law to support a claim for compensatory damages. The prerequisites for recovering damages for emotional distress in Title VII cases are essentially the same as in federal civil rights cases. *See Hetzel v. County of Prince William,* 89 F.3d 169 (4th Cir.1996) (Title VII); *Price v. City of Charlotte,* 93 F.3d 1241 (4th Cir.1996) (civil rights). These cases hold that, while a plaintiff's

testimony alone can support an award of compensatory damages where there has been either employment discrimination or a constitutional violation, conclusory statements by the claimant and, by implication, by any other party indicating the claimant's anger, distress, frustration, or unhappiness, do not constitute the objective evidence required. As summarized in *Price,* the court looks to such matters as the presence of genuine injury, the need for medical or psychological attention (including counseling), loss of income by reason of depression or anxiety, the context of the events surrounding the emotional distress, and the nexus between the conduct and the emotional distress. 93 F.3d at 1254.

The "evidence" in the present case is considerably less extensive than in *Hetzel,* where the court found it insufficient to support any award, or in *Price,* where the court found it supported only nominal damages. In *Hetzel,* plaintiff submitted her own statement describing "headaches, stress, and problems with her family life as a result of [her employers'] actions." *Hetzel,* 89 F.3d at 171. In *Price,* which involved claims by police officers that promotion practices in the city policy department violated the Constitution, the officers testified that they felt "betray[ed]," "[e]mbarrassed," and "[d]egraded ... and passed over," "devastated," "lied to" and "deceived," and "personal stress." *Price,* 93 F.3d at 1255.

In both *Hetzel* and *Price,* as in the present case, there was no precise description of the claimant's emotional distress, nor evidence of the need for medicine, nor evidence of psychological disturbance or counseling, none of loss of income or pecuniary expense and none of how claimant was changed by reason of the wrongful act. But in both *Hetzel* and *Price,* unlike the present case, at least the claimants

themselves submitted statements describing their distress.

Assuming that a third party's testimony as to a claimant's emotional distress can suffice as evidence in the absence of the claimant's own description of his emotional distress—a doubtful proposition—the daughter's statement is still fatally infirm. "Changed a lot," "attitude gotten worse," and "moodiness" are every bit as conclusory as the claimants' statements in *Hetzel* and *Price.* Moreover, as the EEOC noted, LaPorte's kicking the wall in frustration was purportedly because he could not get a promotion to a higher level; but—like it or not—failure to promote was not the employer practice that the EEOC had found to be discriminatory.[5]

■ Had LaPorte's evidence been more substantial—of debatable weight even if not sufficient to convince the EEOC—the outcome might be different. But here the evidence of emotional distress was so far off the mark that it effectively amounted to no evidence at all. That is what makes this case like those cited by the USPS where the agency or the EEOC made requests for specific information and the claimant failed to respond. *See, e.g., Washington v. Nordstrom,* 2001 WL 282699; *Crawford v. Babbitt,* 186 F.3d 1322; *Barnes v. Levitt,* 118 F.3d 404; *Briley v. Carlin,* 172 F.3d 567. While the USPS never asked *for* specific evidence and LaPorte never refused to respond, it did ask for at least some objective evidence of emotional distress and LaPorte in effect supplied none. That was tantamount to depriving the agency of the kind of cooperation it needed in order to perform its job.

The Court concludes that LaPorte failed to exhaust his administrative remedies rel-

ative to his claim for compensatory damages and he cannot therefore go forward with his claim in this Court.

Henderson (the USPS) will be granted summary judgment on the claim for emotional damages.

Having granted the motion as to the only substantive claims in this case, *i.e.* for promotion and compensatory damages, all other claims fall by the wayside.

Henderson (the USPS) is entitled to summary judgment in full.[6]

A separate Order will be entered.

### ORDER

Upon consideration of the Motion of Defendant William J. Henderson, Postmaster General of the United States, to Dismiss or, in the Alternative, for Summary Judgment, and the Opposition of Plaintiff Robert N. LaPorte thereto, it is for the reasons stated in the accompanying Opinion, this _____ day of November, 2001

ORDERED:

1) Defendant's Motion for Summary Judgment is GRANTED;

2) Defendant's Motion to Dismiss is MOOT;

3) Final judgment is ENTERED in favor of Defendant and against Plaintiff; and

4) The Clerk of Court shall CLOSE this case.

---

5.  See Part IV, supra

6.  Henderson's Motion to Dismiss is MOOT.