**Latresse D. SCOTT–BROWN, Plaintiff,**

v.

**William COHEN, Secretary of Defense, Defendant.**

**No. Civ.A. AW–00–3570.**

United States District Court, D. Maryland, Southern Division.

Sept. 2, 2002.

Lawrence J. Sherman, Washington, DC, Michael P. Deeds, Kestell & Associates, Washington, DC, for plaintiff.

Virgina B. Evans, Jennifer Lilore Huesman, Thomas F. Corcoran, Office of U.S. Atty., Baltimore, MD, for defendant.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Pending before the Court are several motions, including Defendant's Motion to Dismiss [25–1], or in the Alternative, for Summary Judgment [25–2], or in the Alternative, to Stay [25–3], and Plaintiff's Renewed Motion for Summary Judgment [30–1].[1] This case is scheduled for trial beginning July 16, 2002. Upon consideration of the pleadings and applicable law, the Court will GRANT IN PART Defendant's Motion for Summary Judgment and will DENY Plaintiff's Renewed Motion for Summary Judgment. The Court's reasoning is discussed below.

## BACKGROUND

The factual and procedural background of this case are stated in the Court's August 14, 2001 Memorandum Opinion. *See Scott–Brown v. Cohen*, Civ. No. AW–00–3570, slip op. at 1–5 (D.Md. Aug. 14, 2001). In that Opinion and the accompanying Order, the Court denied summary judgment to Defendant in Count I for Plaintiff's retaliation claims based upon a denial of participation in the Voluntary Leave Donation Program and the denial of the request for advanced sick leave. *See Scott–Brown v. Cohen*, Civ. No. AW–00–3570 (D.Md. Aug. 14, 2001) (order). In addition, the Court denied Defendant's motion for summary judgment on the issue of Plaintiff's request for compensatory damages, and granted Defendant's summary judgment motion on all remaining claims. In its analysis, the Court reviewed the Administrative Judge ("AJ") and Equal Employment Opportunity Commission ("EEOC") findings of liability on a *de novo* basis.

Defendant now requests that the Court dismiss, grant summary judgment to Defendant, or stay this case on Plaintiff's two remaining claims for retaliation because: (1) Plaintiff has not pled a claim for retaliation based on denial of advanced sick leave in her Complaint; and (2) the neither of the two remaining claims constitute adverse employment actions, and therefore, Defendant has not stated a *prima facie* case of retaliation in violation of Title VII. (Def.'s Mot. to Dismiss, or in the Alternative, for Summ.J., or in the Alternative, to Stay at 1.) In addition, Defendant argues that Plaintiff's claim for compensatory damage fails in light of a recent decision

1. There are also two pending motions in limine, [31–1] and [32–1], and Defendant's Motion to Extend Time to File Pretrial Order [26–1]. The Court will rule on the motions in limine at trial. The Court will deny Defendant's Motion to Extend Time to File Pretrial Order, as it requests that the Court postpone the deadline for filing the Pre-trial Order until after the Court has ruled on Defendant's Motion for Summary Judgment. Pursuant to the Court's June 18, 2002 telephone conference call with the parties, Plaintiff and Defendant filed the Pre–Trial Order in a timely fashion.

by another federal court in this District. *See id.; see also LaPorte v. Henderson,* 176 F.Supp.2d 464 (D.Md.2001) (Messitte, J.). Finally, Plaintiff has renewed her motion for summary judgment on grounds that the Defendant is bound by the EEOC's finding of retaliation. (Pl.'s Renewed Mot. for Summ.J. at 2)

### DISCUSSION

### I. Applicable Legal Principles

#### A. Standard for Motion for Summary Judgment

In ruling upon the instant motions, the Court considered evidence outside the pleadings. Accordingly, the Defendant's Motion will be treated as a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Rule 56 provides that summary judgment will be granted when no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). While the evidence of the non-movant is to be believed and all justifiable inferences drawn in its favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transportation, Inc.,* 152 F.3d 326, 330–31 (4th Cir.1998); *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir.1985). To defeat such a motion, the party opposing summary judgment must present evidence of specific facts from which the finder of fact could reasonably find for him. *See Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every ac-

tion.'" *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548 (citations omitted). Accordingly, in determining whether genuine and material factual disputes exist, the Court has reviewed the memoranda and the relevant exhibits, construing all facts, and all reasonable inferences drawn therefrom, in the light most favorable to the non-movant. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

#### B. Federal Employees' Right to Trial *de novo* in Title VII Cases

It is well settled that federal employees enjoy the same right to a trial *de novo* as do private sector employees in Title VII actions. *See Chandler v. Roudebush,* 425 U.S. 840, 864, 96 S.Ct. 1949, 1961, 48 L.Ed.2d 416 (1976); *see also id.* at 845–46, 96 S.Ct. at 1952 ("Since federal-sector employees are entitled by § 717(c) to 'file a civil action as provided in section 706, 42 U.S.C. § 2000e–5 (1970 ed., Supp. IV)),' and (since the civil action provided in § 706 is a trial *de novo,* it would seem to follow syllogistically that federal employees are entitled to a trial *de novo* of their employment discrimination claims."). Where a plaintiff asks the district court to review "a case on the merits and proceeds to trial *de novo* of the very claims resolved by the EEOC, he or she cannot complain when the district court independently resolves the claims on the merits." *Moore v. Devine,* 780 F.2d 1559, 1564 (4th Cir.1986); *see also Boarman v. Sullivan,* 769 F.Supp. 904, 908 (D.Md.1991). This means that a trial *de novo* "requires a trial of all issues in the particular case," and a federal Title VII claim cannot be subject to "fragmentary *de novo* consideration of discrimination claims." *Cocciardi v. Russo,* 721 F.Supp. 735, 737 (E.D.Pa.1989) (citing *Chandler,* 425 U.S. at 861, 96 S.Ct. at 1959); *see also Ritchie v. Henderson,* 161 F.Supp.2d 437, 449 (E.D.Pa.2001) (noting

that "trial *de novo* is a well-defined term, with an ordinary usage—a trial in which all issues in a particular case, both issues of law and fact, are litigated").

At the same time, a federal employee "plaintiff may seek a limited review of the EEOC's remedy without risking *de novo* review of its finding of liability." *Morris v. Rice,* 985 F.2d 143, 144 (4th Cir.1993); *see also Pecker v. Heckler,* 801 F.2d 709, 711 (4th Cir.1986) (noting that in the case of a federal employee, the "defendants are bound by the EEOC's findings of discrimination and retaliation"); *cf. Moore,* 780 F.2d at 1563 ("Federal district courts have uniformly granted requests for *enforcement* of favorable agency and EEOC decisions without requiring *de novo* review of the merits of the discrimination claims, unless the court has found the relief ordered to be outside the EEOC's authority.") (citations omitted) (emphasis added). In such a case, a federal court may review "*de novo* the facts relevant to the remedy issue" without exposing the plaintiff to a *de novo* review of the EEOC's discrimination finding. *Morris,* 985 F.2d at 145–46.

## II Plaintiff's Renewed Motion for Summary Judgment

■ In her Renewed Motion for Summary Judgment, Plaintiff argues that under *Morris* and *Pecker,* where the plaintiff seeks to limit her request for *de novo* review to the remedies provided by the EEOC, the defendant is bound by the EEOC findings of discrimination. (Pl.'s Mem.Supp. Renewed Mot. for Summ.J. at 2) Plaintiff thus seeks summary judgment in her favor on issues of liability related to

the denial of advanced sick leave and denial of participation in the Voluntary Leave Donation Program ("VLDP"), as the EEOC made findings of retaliation as to those claims. (Def.'s First Mot. for Summ. J., Ex. 22 at 4) In turn, Plaintiff argues that the case proceed to trial solely on the remedies issues.

The Court agrees that the *Morris* and *Pecker* cases provide for limited *de novo* review of remedies without disturbing EEOC findings of liability. However, in the instant case, Plaintiff's Complaint did *not* set forth claims with regards to only the remedies provided by the EEOC, thereby entitling Plaintiff to a limited *de novo* review of the remedies associated with the denial of advanced sick leave and participation in the VLDP. Rather, Plaintiff's Complaint sought review of several of Defendant's actions, including (1) refusing to allow Plaintiff to work overtime or credit hours without approval; (2) forcing Plaintiff to work a set schedule without a grace period; (3) marking Plaintiff as AWOL; (4) denying Plaintiff participation in the VLDP; (5) issuing Plaintiff a written reprimand; and (6) suspending Plaintiff for 1–4 days (later mitigated to 3 days). The EEOC found that some of these actions constituted discriminatory behavior, and others did not.[2] (Def.'s First Mot. for Summ.J., Ex. 22 at 2). Plaintiff's strategy was confirmed in Plaintiff's Reply, sent to the Court via facsimile on July 12, 2002, which notes that Plaintiff was "seeking *de novo* review of *many* of her claims and of the remedies portion of the claims remaining in the case." (Pl.'s Reply, at 2 n. 1)

**2.** The EEOC found that Plaintiff had been discriminated against with regards to denial of advanced sick leave, denial of participation in the VLDP, and suspension without pay for three days. (Def.'s First Mot. to Dismiss, Ex. 22 at 3) The EEOC found no discrimination with regards to Defendant's marking Plaintiff as AWOL, modifying Plaintiff's performance

evaluation to "fully successful," refusing to let plaintiff earn credit hours or work overtime on weekends and during holidays without prior approval, issuing Plaintiff a letter of reprimand, and Defendant's Branch Manager complaining to Plaintiff's supervisor that there was a lack of office coverage when complainant was not at work. (*Id.*)

(emphasis added) However, as noted above, the case is not subject to fragmentary review of issues of liability, but must be reviewed *de novo* in sum. *Cocciardi v. Russo,* 721 F.Supp. 735, 737 (E.D.Pa.1989) (citing *Chandler,* 425 U.S. at 861, 96 S.Ct. at 1959). That is, despite the fact that Plaintiff received a favorable ruling from the EEOC on the advanced sick leave and VLDP issues and was only contesting the remedies as to those claims, she opened the door to *de novo* review of all her claims when she set them all forth in her Complaint.[3] As a result, the Court will deny summary judgment to Plaintiff on these claims.

## III Defendant's Motion for Summary Judgment

In the two remaining claims of Plaintiff's Complaint, Plaintiff asserts that she was subject to retaliation by Defendant for filing a complaint with the EEOC in December 1994 in violation of 42 U.S.C. § 2000e *et seq.* Specifically, Plaintiff alleges that Defendant denied Plaintiff 240 hours of advanced sick leave and denied her participation in the VLDP. In its August 2001 Opinion, the Court denied Defendant's motion for summary judgment with respect to these retaliation claims on grounds that the AJ, the Agency itself, and the EEOC all found evidence that Defendant retaliated against the Plaintiff by denying these two requests, and thus, there was sufficient evidence before the Court of a genuine dispute of material fact. *Scott–Brown,* Civ. No. AW–00–3570, slip op. at 8.

### A. Denial of Advanced Sick Leave

■ Defendant now argues that because the denial of advanced sick leave was not alleged in the Complaint, the claim is not properly before this Court. In addition, Defendant argues that the denial of advanced sick leave is not an adverse employment action, a necessary element to state a prima facie case of retaliation under Title VII. Finally, Defendant reasons that because Plaintiff has already been paid for the 240 hours of sick leave that she had requested, she has thus been paid in full. Def.'s Mem.Supp. at 3. Specifically, on November 20, 1995, Plaintiff was approved for 40 hours of advanced sick leave by William H. Kraft, Regional Director of the Defense Contract Audit Agency ("DCAA") (*see* Def.'s Mot. to Dismiss, Ex. 11) and was paid 200 hours of sick leave after the EEOC hearing because there was "no means to make a determination of how many hours may have been donated to the complainant through the Voluntary Leave Donation Program." (Def.'s First Mot. to Dismiss, Ex. 20 at 14)

Plaintiff counters that under the liberal pleading rules, it is unnecessary for Plaintiff to have explicitly alleged a claim for retaliation due to the denial of sick leave when she had discussed the denial of advanced sick leave earlier in the Complaint. (Pl.'s Opp'n 11–14) In addition, Plaintiff posits that Defendant was clearly on notice as to the claim, as evidenced by its request for dismissal in Defendant's first motion to dismiss in March 2001. Plaintiff notes that although "counsel does not recall the exact reason for not explicitly listing [denial of advanced sick leave] in the claims

---

**3.** The Court also notes that in her Motion for Reconsideration of the Court's August 14, 2001 Memorandum Opinion and Order, Plaintiff contested the Court's substantive reasoning regarding its summary judgment finding that Plaintiff did not suffer retaliation when the agency suspended her for three days. Nowhere in the motion for reconsideration did Plaintiff raise the issue of limited *de novo* review. Of course, such an argument would have been equally unpersuasive, for the same reasons articulated in this Memorandum Opinion.

section, it was likely either inadvertence or because counsel believed the issue was covered in both the main part of the complaint and by Plaintiff's listing the denial of the participation in the voluntary leave donation, was therefore unnecessary." (*Id.* at n. 1)

Plaintiff is correct that in its first motion to dismiss, Defendant argued for dismissal of the claim of advanced sick leave. In fact, despite the fact that Plaintiff failed to include denial of advance sick leave claim, the Court included it in its analysis as part of the claim for denial of the VLDP because the parties had briefed the issue and apparently believed it to be a viable claim. *See Scott–Brown,* Civ. No. 00–3570, at 8 n. 3. Applying liberal pleading standards to Plaintiff's Complaint, the Court agrees with Plaintiff that the denial of advance sick leave is properly before the Court.

■ This brings the Court to the question of whether denial of advanced sick leave is an adverse employment action for purposes of a retaliation claim under Title VII. When analyzing Title VII claims, the Court utilizes the three step proof scheme set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). First, Plaintiff must establish by a preponderance of the evidence, a *prima facie* case of discrimination. *Halperin v. Abacus Tech. Corp.,* 128 F.3d 191, 196 (4th Cir.1997). Then the burden shifts to Defendant, who must articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Reeves v. Sanderson Plumbing Products Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Once the defendant offers a legitimate nondiscriminatory reason, the plaintiff is "afforded the opportunity to prove by a preponderance of evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.*

In order to establish a *prima facie* case of retaliation, Plaintiff "must show (1) that the employee engaged in protected activity; (2) that the employer took an adverse employment action against the employee; and (3) that a causal connection existed between the connected activity and the adverse action." *Munday v. Waste Mgmt. of N. Am.,* 126 F.3d 239, 242 (4th Cir. 1997). The Fourth Circuit has defined "adverse employment action" as those acts that affect the " 'terms, conditions or benefits' of the plaintiff's employment." *Von Gunten v. Maryland,* 243 F.3d 858, 865 (4th Cir.2001) (quoting *Munday,* 126 F.3d at 243).

"Terms, conditions, or benefits of a person's employment do not typically, if ever, include general immunity from the application of basic employment policies or exemptions from a state agency's disciplinary procedures." *Id.* at 869. Furthermore, "[a]n action that merely causes an employee irritation or inconvenience, but does not affect a term, condition, or benefit of employment, is not an adverse employment action." *Spriggs v. Pub. Serv. Comm'n of Md.,* 197 F.Supp.2d 388, 393 (D.Md.2002). Thus, when the plaintiff in *Von Gunten* argued that the *"manner in which"* the agency implemented its sick leave and disciplinary procedures constituted an adverse employment action, the court rejected this argument and noted that the agency's actions could be evidence of pretext but not adverse employment action. 243 F.3d at 869. Despite the fact that the employer "hyperscrutinized" the plaintiff's sick leave requests and required that she submit written documentation for her absences, while not applying the same rigor to other employees, the Fourth Circuit found that such employer behavior may have "irritated" the plaintiff, but did not affect the terms, conditions, or benefits of her employment. *See id.*

Accordingly, at least one other district court in this circuit has found that an employer's implementation of advanced sick leave policy does not necessarily affect a term, condition, or benefit of employment. *See Lawson v. Principi*, No. Civ. A. 7:00CV00851, 2001 WL 987788 (W.D.Va. Aug.21, 2001) ("The enforcement of a generally applicable sick leave policy to deny Lawson her advanced sick leave does not constitute an adverse employment action."). At the same time, other courts have noted that denial of leave request could, in the appropriate circumstance, rise to a level of an adverse employment action. *Vandevander v. St. Mary's County Sheriff's Ofc.*, No. Civ. CCB–99–1911, 2001 WL 589989 (D.Md. May 30, 2001); *Spriggs*, 197 F.Supp.2d at 393–94. In the case at hand, the EEOC and the Agency itself found that the denial of advanced sick leave constituted retaliation based on the following standard:

> ... Complainant must show that she engaged in protected EEO activity, the Agency took an adverse action against her, the agency was aware of her prior EEO activity and the adverse action followed the protected activity in such a time and manner as to raise an inference of retaliation.

(Def.'s First Mot. to Dismiss, Ex. 19, *Scott–Brown v. Cohen*, EEOC Case Nos. 120–97–4263X, 120–97–4362X, 120–98–9375X, 14 (Jan. 12, 1999) (citing *Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir.1987) and *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir.1982)); *see also* Def.'s First Mot. to Dismiss, Ex. 20, *Scott–Brown v. Cohen*, DCAA Case Nos. M96–06, M96–10, M97–07 (Mar. 11, 1999) (final agency decision)). In its analysis, the EEOC suggested that Plaintiff had been subjected to an "adverse action" because she was "subsequently adversely affected by the failure of the Agency to grant her more than 40 hours of advanced sick leave and admission to the Voluntary Leave Donation Program, all of which occurred within such a period of time that a retaliatory motivations may be inferred." (Def.'s First Mot. to Dismiss, Ex. 19, *Scott–Brown*, EEOC Case Nos. 120–97–4263X, 120–97–4362X, 120–98–9375X, at 18).

As noted above, however, the Fourth Circuit uses a different definition of adverse employment action standard than that used by the AJ, EEOC, and the Agency. As a result, the Court must look beyond whether Plaintiff was "subsequently adversely affected" and must determine whether the denial of advanced sick leave itself affected a term, condition, or benefit of its employment. Although the Court in its August 2001 Memorandum Opinion based its denial of summary judgment with regards to advanced sick leave in part on the AJ's, EEOC's, and Agency's finding of retaliation, upon second review, the Court agrees with Defendant that the standard relied upon earlier was inappropriate. Nonetheless, the Court is not convinced that the denial of advanced sick leave, in this situation, did not affect a term, condition, or benefit of employment as defined by the Fourth Circuit.

Defendant argues that Plaintiff was fully compensated for the 240 hours of advanced sick leave that she originally requested and relies on *Lawson v. Principi*, No. Civ. A. 7:00CV00851, 2001 WL 987788 (W.D.Va. Aug.21, 2001), for the proposition that the denial of advanced sick leave does not affect a term, condition, or benefit because it " 'do[es] not typically, if ever, include general immunity from the application of basic employment policies.' " *Id.* at *3 (quoting *Von Gunten*, 243 F.3d at 869). On the other hand, Plaintiff stresses the "pecuniary loss" she suffered as a result of the denial of advanced sick leave, which thereby created an adverse employment action. (Pl.'s Second Opp'n at 16) Plaintiff stresses the time value of money and lost

opportunity costs associated with not having a constant stream of income during her period of leave. (*Id.* n. 5)

Although the Court is not convinced that mere pecuniary loss qualifies as affecting a term, condition, or benefit of employment, after much consideration and giving Plaintiff all reasonable inferences, the Court believes the denial of advanced sick leave, on our facts, affected a benefit of Plaintiff's employment. The Supreme Court has opined that a "[a]n employer may provide[ ] its employees with many benefits that it is under no obligation to furnish by any express or implied contract. Such a benefit, though not a contractual right of employment, may qualify as a 'privileg[e]' of employment under Title VII." *Hishon v. King & Spalding*, 467 U.S. 69, 78, 104 S.Ct. 2229, 2234, 81 L.Ed.2d 59 (1984). In addition, "[a] benefit that is part and parcel of the employment relationship [and] may not be doled out in a discriminatory fashion, even if the employer would be free under the employment contract simply not to provide the benefit at all." *Id.* In the case at hand, advanced sick leave is offered to DCAA employees on a regular basis, thereby qualifying as a benefit under Title VII. The DCAA's advanced sick leave policy merely requires "prior approval ... of regional directors for regional employees" and is "judged on its individual merits." (Def.'s First Mot. to Dismiss, Ex. 10, at 77–20) On our facts, where Plaintiff had used all her sick leave due to being in two automobile accidents, the advanced sick leave was a benefit of her employment that she would have enjoyed had her application not been denied. In addition, because the denial of advanced sick leave came so closely on the heels of her previous EEO activity, a causal connection can be inferred.

This brings us back to the *McDonnell–Douglass* framework. Defendant offers a legitimate, nondiscriminatory reason for the denial of sick leave, i.e., Plaintiff's failure to maintain a sick leave balance. A triable issue of fact remains as to the pretextual nature Defendant's actions, and the Court must deny Defendant's motion for summary judgment on the claim of denial of advanced sick leave.

**B. Denial of Participation in the Voluntary Leave Donation Program**

■ Defendant next argues that the Court should grant summary judgment to Defendant on Plaintiff's claim of retaliation related to the denial of participation in the Voluntary Leave Donation Program. Defendant argues that this program is not an adverse employment action because it does not affect a term, condition, or benefit of employment. The Court agrees. Although the DCAA's standards for awarding participation in the VLDP are discretionary in the same manner as granting advanced sick leave (Def.'s First Mot. to Dismiss, Ex. 10 at 77–A–2), in our case, Plaintiff was never actually denied participation in the VLDP. (Dep. of Latresse Scott–Brown, Def.'s Mot. for Summ.J., Ex. 1 at 126–28 (testifying that she was never verbally denied participation in the VLDP, nor did she receive a written denial of participation in the VLDP); *see also* Decl. of Donald Eastridge, Def.'s First Mot. to Dismiss, Ex. 2, ¶ 7 ("Ms. Scott–Brown returned to work before her request to be placed in VLDP was decided.")). Thus, even if denial of participation in the VLDP was a term, condition, or benefit of employment, because the denial was never implemented and Plaintiff did not suffer "negative consequences" from the alleged denial because she returned to work, this claim cannot constitute an adverse employment action. *See Spriggs*, 197 F.Supp.2d at 396–97.

## IV Defendant's Claim that Plaintiff Failed to Exhaust Administrative Remedies with Respect to her Claim for Compensatory Damages

Finally, Defendant asks that the Court grant summary judgment or otherwise stay Plaintiff's claim for compensatory damage based on *LaPorte v. Henderson,* 176 F.Supp.2d 464 (D.Md.2001) (Messitte, J.), currently pending before the Fourth Circuit. However, the Court has already decided the compensatory damages issue in its August 2001 Memorandum Opinion. Because the Court is not bound by the another district court, and because would it be inefficient to delay trial until the appellate court rules on the *LaPorte* case sometime in the future, the Court will deny Defendant's motion to grant summary judgment or to stay the case with regards to compensatory damages.

### CONCLUSION

In accordance with the above stated reasoning, the Court will deny, in part, Defendant's Motion for Summary Judgment with respect to the denial of Plaintiff's request for advanced sick leave and will grant, in part, with respect to the denial of participation in the VLDP. The Defendant's request for summary judgment as to the Plaintiff's request for compensatory damages also will be denied, as will Plaintiff's Renewed Motion for Summary Judgment. An Order consistent with this Memorandum Opinion will follow.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, IT IS this ____ day of July, 2002, in the United States District Court for the District of Maryland, ORDERED THAT:

1. Defendant's Motion to Dismiss [25–1] BE, and the same hereby IS, DENIED;

2. Defendant's Motion for Summary Judgment [25–2] BE, and the same hereby IS, DENIED IN PART AND GRANTED IN PART;

3. Defendant's Motion to Stay [25–3] BE, and the same hereby IS, DENIED;

4. Defendant's Motion to Extend Time to File Pretrial Order [26–1] BE, and the same hereby IS, DENIED;

5. Plaintiff's Renewed Motion for Summary Judgment [30–1] BE, and the same hereby IS, DENIED;

6. The Clerk of the Court transmit copies of this Memorandum Opinion and Order to all counsel of record.